## TOWNSHEND *v.* READER.

1. MOTOR VEHICLES—ASSUMPTIONS—DUTY TO STOP BEFORE ENTERING THROUGH STREET.

> One traveling on through street has right to assume that truck driver about to enter from cross street will obey law and come to stop before entering.

Liability of operator of automobile for collision with bicyclist, see annotation in 28 L. R. A. (N. S.) 944.

2. Same—Contributory Negligence.
    Boy riding bicycle on through street was not guilty of con-
    tributory negligence as matter of law, although he continued
    across intersection after seeing defendant's truck approach-
    ing from cross street, where there was testimony that truck
    slowed down as if about to obey law and come to stop, when,
    instead, it suddenly shot ahead and collision resulted.

3. Trial—Instructions—Motor Vehicles—Appeal and Error.
    Instruction that it was duty, under city ordinance, of truck
    driver about to cross through street at intersection to come
    to stop and wait for traffic to pass was not error, in view
    of further instruction that it was also duty of traveler on
    through street to be watchful and not cross if circumstances
    indicated that vehicle approaching from cross street was not
    going to stop. ,

Error to Kent; Brown (William B.), J.  Sub-
mitted October 23, 1930.  (Docket No. 144, Calendar
No. 35,249.)  Decided December 2, 1930.

Case by Joseph Townshend, by his next friend,
Ivan Townshend (also as assignee of Ivan), against
George B. Reader for personal injuries.  From
judgment for plaintiff, defendant brings error.  Af-
firmed.

*John J. Smolenski,* for plaintiff.

*Mason, Alexander & McCaslin,* for defendant.

McDonald, J.  This action was brought to re-
cover damages for personal injuries received by the
plaintiff when a bicycle on which he was riding
came in collision with a truck owned by the defend-
ant and operated by his employee, Rex Karston.
The accident occurred at the intersection of Sixth
street and Turner avenue in the city of Grand
Rapids, Michigan.  Turner avenue is a through
street.  By city ordinance, vehicles using Sixth

street are required to come to a complete stop before entering on the intersection and to yield the right of way to traffic on the through street. The plaintiff was riding north on Turner avenue. The defendant was approaching from the east on Sixth street. They collided at the intersection. The plaintiff was thrown from his bicycle and severely injured. He asserts negligence on the part of the defendant in failing to stop his truck before entering the intersection and in suddenly accelerating his speed while the plaintiff was passing before him. The defendant denied he was negligent, and sought to show that plaintiff's contributory negligence was the sole cause of the accident. On the trial, a motion for a directed verdict in favor of the defendant was denied, and the case went to the jury. The plaintiff received a verdict, on which judgment was entered. The defendant brings error.

The record presents two questions:

1. Did the court err in refusing to direct a verdict for the defendant on the ground that the plaintiff was guilty of contributory negligence as a matter of law?

The plaintiff's testimony shows that he was traveling north on a through street. He saw the defendant approaching on a side street from the east. He knew the ordinance gave him the right-of-way and required the defendant to stop his truck before entering the intersection and wait until traffic on the through street had passed. He had a right to assume that the defendant would obey the law. He testified that the movement of the truck indicated it was going to stop; that it slowed down, then suddenly shot ahead and ran into him as he was about to pass. He saw no danger of a collision until it was too late for him to avoid it. If, as he testified,

there was no circumstance indicating that the defendant was not going to stop, the plaintiff was not negligent in proceeding to cross. He testified to facts showing that he acted as a reasonably prudent man would have done under the circumstances. It was for the jury to say whether his testimony was true. The court did not err in refusing to hold that he was guilty of contributory negligence as a matter of law.

2. It is claimed that the court wrongly interpreted the ordinance and erred in instructing the jury on the question of right of way.

We see no fault in the court's interpretation of the ordinance or in the charge as given. He told the jury that the ordinance required all vehicles approaching a through street from a side street to stop and wait until the traffic on the through street had passed. The defendant says under such instruction the driver on the protected street could never be guilty of contributory negligence. But he seems not to have observed that the court further instructed the jury that while the plaintiff had a right to assume the defendant would obey the law and stop, it was nevertheless his duty to be watchful, and, if the circumstances indicated he was not going to stop, the plaintiff would be guilty of negligence if he attempted to cross. The charge correctly stated the law, and clearly explained to the jury how to apply it to the facts as they found them.

The record shows no error. The judgment is affirmed, with costs to the plaintiff.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.