BUNKER v. REID.

1. APPEAL AND ERROR—DIRECTED VERDICT.
    In reviewing denial of defendant's motions for directed verdict, and for judgment *non obstante*, Supreme Court must give full credit to plaintiff's testimony.

2. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—FAILURE TO LOOK TO RIGHT.
    Truck driver required to come to full stop before crossing intersection was not guilty of contributory negligence in failing to look to right, if he drove on without looking but stopped before crossing center line of highway.

As to rights and duties at intersection of arterial (or other favored) highway and more favored highway, see annotation in 58 A. L. R. 1197.

3. SAME—QUESTION FOR JURY.

Defendant's denial of plaintiff's testimony that he stopped his truck before crossing center line of intersecting highway made question of his contributory negligence one for jury.

4. TRIAL—REQUESTS TO CHARGE COVERED BY CHARGE AS GIVEN.

Defendant's request to charge as to plaintiff's duty to make observations upon stopping before attempting to cross intersection, *held*, sufficiently covered in charge as given.

5. MOTOR VEHICLES—INSTRUCTIONS—TRIAL.

Instruction that defendant approaching intersection from west was negligent in failing to look to north while he had a clear view was erroneous, where he testified that he did so look.

6. SAME—DUTY TO LOOK—RIGHT TO EXPECT THAT DRIVER WILL OBEY LAW.

Instruction that defendant approaching intersection from west on through highway was negligent in failing to look to north while he had a clear view was erroneous, since if he had looked he would have had right to expect that plaintiff would obey law and stop to allow traffic on through highway to pass.

Error to Kent; Brown (William B.), J. Submitted June 10, 1931. (Docket No. 11, Calendar No. 35,458.) Decided October 5, 1931.

Case by George W. Bunker against Herbert F. Reid for injuries received in an automobile accident. Verdict and judgment for plaintiff. Defendant brings error. Reversed.

*Rodgers & Dunn,* for plaintiff.

*Alexis J. Rogoski,* for defendant.

McDONALD, J. This action was brought to recover damages sustained in an automobile collision. The accident occurred west of the city of Grand Rapids at the intersection of State trunk line highway, M-50, known as Lake Michigan Drive, and M-114, known as South Belt Line Highway. Lake

Michigan Drive is a paved way 40 feet wide, and extends east and west. The belt line is 20 feet wide, and runs north and south. On the northwest corner of the intersection is a suburban real estate office, and on the northeast corner an oil station. The east and west view of one approaching from the north on M-114 is obscured when he gets opposite these buildings. Vehicles driving on M-114 are required to stop before entering the intersection. The plaintiff, driving a light truck, approached from the north on M-114. He says that, just before he reached the point where his view was obstructed, he looked to the west and saw no car coming from that direction; that he came to a full stop at the intersection, put his car in low gear and moved forward; that he looked to the east and saw an automobile approaching; that he drove ahead far enough to allow it to pass; that he then looked to the west and saw the defendant's car 100 feet away coming towards him at a speed of about 70 miles an hour; that he immediately stopped his truck substantially on the center line of the intersection, leaving the defendant a space of 20 feet or more in which to pass on the south; that, notwithstanding defendant had ample room to pass, he drove his car at a high rate of speed into the front of the truck, turned it over, threw it from the road, and severely injured the plaintiff.

The defendant's testimony presents a different version of the accident. It tends to show that the plaintiff did not stop when he reached the intersection, as he was required to do; that he drove in without looking for traffic approaching from the west, and continued on his way at a speed of 35 miles an hour until he ran into the side of defendant's automobile which was traveling in that part of the highway where it had a right to travel. In

thus attempting to cross the intersection without looking to see if he could do so safely, the defendant insists that the sole cause of the accident was plaintiff's contributory negligence. On that ground he moved for a directed verdict. The motion was reserved, and the issue submitted to the jury, resulting in a verdict for the plaintiff in the sum of $3,334.86. Then followed a motion for a judgment *non obstante veredicto* and an alternative motion for a new trial. Both were denied, and a judgment was entered on the verdict. The defendant has brought error, alleging:

"1. The court should have granted defendant's motion for a directed verdict, and, accordingly, defendant's motion for a judgment notwithstanding the verdict."

These motions were based on the claim that the undisputed evidence showed plaintiff was guilty of contributory negligence in attempting to cross the intersection without looking to see whether he could do so in safety. This contention overlooks the testimony of the plaintiff, to which, for the purpose of these motions, we must give full credit. Lake Michigan Drive contains four lanes of travel, each 10 feet wide. West-bound traffic travels on the north 20 feet. East-bound traffic travels on the south 20 feet. When the plaintiff drove onto the north 20 feet, he had no reason to expect that cars coming from the west would be on that half of the highway; so he was not guilty of contributory negligence as a matter of law if he failed to look in that direction unless he attempted to cross over the center line. But he testified that while still in a safe position on the north half of the highway he looked to the west and saw defendant's automobile approaching 100 feet

away; that he did not drive into the south half of the highway but immediately stopped his car with the front end on the center line. If these were the facts he was not guilty of contributory negligence. The defendant's testimony in denial made the matter of negligence a question for the jury. There was no error in refusing to direct a verdict, or in denying the motion for judgment *non obstante veredicto*.

"2. The court erred in failing to charge the jury as to plaintiff's duty to make observations upon stopping before attempting to cross the intersection."

We see no objections to the requests to charge proffered by the defendant on the question of plaintiff's duty to make observations, but we think they were sufficiently covered in the following language of the charge as given:

"It was the plaintiff's duty, as he drove onto this intersection, to have due regard for the traffic approaching from both ways. * * *

"And it was the duty of each of these drivers, Mr. Bunker, the plaintiff, and Mr. Reid, the defendant, before entering this intersection, to observe whether other traffic was approaching that crossing or intersection, and if either attempted to pass or cross this intersection without such observation, or without due regard to the rights of the other then and there using such intersection, then such failure to exercise due care and take a proper view would be negligence."

3. It is claimed there was error in the following instruction:

"Having in mind the duty of the defendant as he approached from the west, knowing that this was an intersection of super-highways, to have a view

and a due regard for the safety of passing through this intersection knowing and appreciating the traffic that was there and he saw, or should have seen—, for the defendant, Reid, to drive across this intersection under the circumstances, and the testimony admittedly shows that at a point 60 feet west of the west side of this intersection, 100 feet square, the defendant, if he had looked north could see the top of a hill that is some 900 feet or so to the north, there was no reason why he could not have seen the plaintiff there in the road. * * * If the defendant, Reid, had looked to the north at the time he was 100 feet from this intersection—75 feet or 60 feet— he could have seen Bunker, as Bunker was there, more or less distant from this intersection; there was nothing in the way. McCarthy, the architect, who made this plat, says that 60 feet west of this north and south road, 60 feet west of this intersection, if Reid had looked to the north he would have seen Bunker approaching. It was his duty to look to the north, and it was his duty to have seen him there. His failure to see Bunker approaching was negligence on the part of Reid—not to see Bunker approaching. It was his duty to see both ways.''

The court was wrong in telling the jury that defendant was negligent because he did not look to the north while he had a clear view past the rear of the office building 60 feet from the intersection. In the first place, defendant testified that he did look.

''As I approached the intersection I could see the open space beyond the building. There was nothing in sight from beyond the building. * * * I looked both ways, and there were no cars or vehicles of any kind in observation.''

But though he had not looked defendant would not have been guilty of negligence as a matter of law. If he had looked and seen the plaintiff ap-

proaching, knowing that the law required plaintiff to stop before entering Lake Michigan Drive, he would have had a right to expect that he would obey the law and stop to allow traffic on the through highway to pass. The instruction was erroneous. What the court told the jury was that the defendant approached this intersection without due regard to the safety of the plaintiff, who was approaching from the north. The prejudicial effect on the defendant's case is obvious. Because of it he is entitled to a new trial.

Other questions presented by the record are not likely to arise again and are not discussed.

The judgment is reversed and a new trial granted, with costs to the defendant.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.