## DRAMIS v. DUNBAR.

1. AUTOMOBILES — OBSERVATION ON APPROACH TO INTERSECTION — THROUGH STREETS.

  Motorist on through street 80 feet wide at 3:30 a. m. has duty to make reasonable observation both to the left and right of well-lighted intersection where traffic light was not then working and obstruction prevented his seeing more than 30 or 40 feet beyond left curb on street on which he was traveling.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—THROUGH STREETS—OBSERVATION AT INTERSECTION.

  Question of contributory negligence of motorist on through highway at 3:30 a. m. driving at speed of 20 to 25 miles an hour,

who slowed down to 10 to 15 miles an hour as he approached well-lighted intersection on which traffic light was not then working and, when 40 to 50 feet from intersection, looked to left up street from which direction defendant's truck and semitrailer approached, could see nothing coming, although vision was obstructed beyond 30 to 40 feet of left curb on through street, and collided with defendant's truck which approached at 35 miles an hour, neither driver having seen the other until collision, *held*, strictly for jury since plaintiff had right to rely somewhat, but not absolutely, upon requirement that motorists coming from other street stop before crossing through street even at that time of day, and neither may he be held guiltless as a matter of law where he did not see truck until moment of collision.

3. PLEADING—NEW MATTER IN ANSWER—COURT RULES.

Court rule requiring that new matter alleged in the answer filed in any action shall be answered by a reply in the same manner that allegations in a declaration or bill of complaint are required to be admitted or denied in an answer applies where "new matter" is in avoidance of plaintiff's claim, not in contradiction of it (Court Rule No. 24 [1933]).

Appeal from Wayne; Van Zile (Donald), J., presiding. Submitted May 14, 1937. (Docket No. 166, Calendar No. 39,465.) Decided June 7, 1937.

Separate cases by Sophia Dramis and Frank Dramis against Ernest Dunbar for personal injuries received in a motor vehicle collision at a street intersection. Cases consolidated for trial and appeal. Directed verdicts and judgments for defendant. Plaintiffs appeal. Reversed and new trial granted.

*Wm. J. McBrearty,* for plaintiffs.

*Fewlass & Frisbee* and *Don W. Van Winkle,* for defendant.

FEAD, C. J. Plaintiff Frank Dramis, with his wife Sophia as a passenger in his car, drove east on

Grand River avenue in Detroit at about 3:30 o'clock a. m. He approached Livernois avenue, which intersects Grand River, at a speed of 20 to 25 miles per hour, slowed down to 10 to 15 miles, and, when 40 to 50 feet from the intersection, looked to the left or north up Livernois avenue. Because of an obstruction he could see north on Livernois avenue only 30 to 40 feet beyond the north curb of Grand River avenue. He saw no cars approaching and saw no traffic going either way on Grand River avenue. He increased his speed to 18 to 20 miles per hour, did not again look to the left but, as he reached the intersection, looked right or south. When he got into the intersection his car was struck by a truck, with semi-trailer attached, driven by defendant from the north on Livernois avenue at a speed of 35 or more miles per hour. Neither driver saw the other before the collision.

Grand River avenue is a through highway 80 feet wide and cars coming into it on Livernois avenue are required to stop at the intersection. There are double street car tracks on Grand River avenue and a safety zone 70 to 80 feet long at the west of the intersection. Plaintiff Dramis was about at the middle of the safety zone when he looked to the left. The intersection was well lighted but the traffic light which operates in the daytime was not then working.

The court directed verdict for defendant on the ground that Dramis was guilty of contributory negligence. The cases were tried together and the issues were identical.

In the state of the traffic it was the duty of Dramis to make reasonable observation both to the left and right of the intersection. When he looked to the left he saw a clear space to the north about as long as his own distance from the point of collision. There

was nothing in sight to alarm him. He was on a through highway with a right of way over all cars on Livernois avenue and had the right to assume that any driver from the north would stop at the intersection. His distance from the intersection was short. His duty to look to the right was close upon him. To hold him guilty of negligence as a matter of law would require us to say that a reasonably prudent person would have put little or no reliance upon the preference of a through highway but that he would have anticipated, in spite of all indications to the contrary, that a driver might come from the north and violate the law by refusing to stop. Such a rule would seriously impair the use of the through highway and the value of stop signs; nor would it be in accord with the practice of careful drivers on such highways. See *Hilliker* v. *Nelson,* 269 Mich. 359, and *Townshend* v. *Reader,* 252 Mich. 465; *Arnold* v. *Krug,* 279 Mich. 702.

On the other hand, it cannot be said that Dramis was free from negligence as a matter of law. It is a well-known fact that early in the morning, when traffic is light, drivers are not so heedful of stop signs as in the daytime. Dramis had an open road ahead. It is not difficult to quickly shift gaze from side to side. The fact that he did not see the truck until the moment of collision suggests an inattention which forbids holding him guiltless of negligence in law. In our opinion, the record presents an issue of fact for the jury.

In addition to the state of the testimony, defendant's motion for directed verdict was based upon the pleadings. He invoked Court Rule No. 24 (1933).

"SECTION 1. New matter alleged in the answer filed in any action shall be answered by a reply in

the same manner that allegations in the declaration or bill of complaint are required to be admitted or denied in the answer."

In their declaration plaintiffs set up the claimed circumstances of the collision and averred that when they arrived at the intersection, Dramis looked to the right and left and, seeing no traffic in the immediate vicinity, he determined he was able to proceed in safety; and that defendant failed to stop at the intersection.

In his answers defendant alleged that at the time he entered the intersection plaintiffs were not in such close proximity to it as to endanger or interfere with defendant's progress and that defendant entered the intersection first.

Plaintiffs did not file a reply. Defendant's contention is that plaintiffs' failure to deny these allegations of his answers, by reply, resulted in their being admitted by plaintiffs under the rule and rendered Dramis guilty of contributory negligence as a matter of law.

Disregarding all objections to defendant's right to make the contention on motion to direct and passing the point of the legal effect of the claimed admissions, we hold the contention untenable.

The court rule was intended to simplify, not to complicate the practice, to define the issue, not to confuse it by requiring court and counsel to balance each allegation against each other allegation in the pleadings on apothecary's scales. The rule requires "new matter" to be answered, not every new allegation of fact. When a plaintiff sets up the circumstances of a transaction, defendant's statement of a different set of circumstances calls for no reply by plaintiff unless defendant's answer alleges facts which would defeat plaintiff's cause of action even

though he proved all the allegations of his declaration. In substance, "new matter" means matter in avoidance of plaintiff's claim, not merely in contradiction of it. In this case the allegations in the declaration and answer are in direct contradiction of each other. Both cannot be true. They present a triable issue.

Reversed, with costs and new trial.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.