CAMPBELL *v.* OSTERLAND.

1. AUTOMOBILES—THROUGH HIGHWAYS—RIGHT OF WAY—STOPPING.
   Right of way accorded driver on a through highway is more than mere privilege of going through an intersection in advance of a car which reaches it at the same time, as driver on through highway is entitled to assume that those approaching it from a stop street will obey the law and stop.

2. SAME—THROUGH HIGHWAYS—RIGHT OF WAY—DUE CARE.
   Motorist on through highway has right of way but must make such a lookout ahead and to the sides and down intersecting highways as a reasonably prudent person would do in order to avoid possible danger.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Question of contributory negligence of motorist on through highway whose car was struck at an intersection *held*, for jury where evidence shows plaintiff was traveling 40 to 50 miles an hour on paved through highway and while 100 to 150 feet from intersection observed defendant had stopped at left of pavement and, without again looking in that direction, proceeded across the intersection where defendant's car struck plaintiff's.

4. JURY—VOIR DIRE — AUTOMOBILES — INSURANCE — AFFIDAVITS — WAIVER—PEREMPTORY CHALLENGES.

Refusal of trial judge to accord plaintiff's counsel in automobile accident case right to make examination of entire jury on *voir dire* to ascertain who, if any, were officers, employees or stockholders of the insurance company in which defendant was insured or members of any mutual insurance company *held*, error notwithstanding defendant's counsel had filed an affidavit prior to *voir dire* that five members of jury impanelled were at the time insured or had been previously insured in a mutual company in which defendant held a policy and plaintiff after such refusal did not waive right to claim error by not exhausting his peremptory challenges.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADINGS—EVIDENCE—EMPLOYEE'S RIGHT TO SUE TORTFEASOR.

In action by employee who was injured in an automobile collision with defendant's car, where it is questionable whether issue as to whether he received compensation was properly raised by pleadings and no showing made that he did receive compensation, effect on employee's right to sue is not discussed (2 Comp. Laws 1929, § 8454).

Appeal from St. Clair; George (Fred W.), J. Submitted January 4, 1938. (Docket No. 12, Calendar No. 39,763.) Decided February 24, 1938.

Case by Robert Campbell against Otto Osterland for personal injuries sustained in an automobile collision at an intersection. Verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Echlin & Lendzion* and *Don R. Carrigan,* for plaintiff.

*Walsh, Walsh & O'Sullivan,* for defendant.

BUTZEL, J.   In an automobile collision on November 15, 1935, at the intersection of the Marine City highway, a paved road 16 feet in width, and a gravel road, 30 feet in width, known as the Indian Trail, in St. Clair county, plaintiff received serious injuries. He was approaching the intersection at a speed of from 40 to 50 miles per hour on the through highway. At a distance of from 100 to 150 feet from the intersection, he observed that defendant had stopped on the Indian Trail at the left side of the main highway. He then looked to the right and, without altering his speed, proceeded across the intersection, where he was struck by defendant who had driven on to the middle of the through road.   Upon trial the jury found for defendant and plaintiff appeals.   Defendant denies that there was any prejudicial error and contends that a verdict should have been directed in his favor because of contributory negligence on the part of plaintiff.

The law applicable to the situation, as stated in *Arnold v. Krug,* 279 Mich. 702, is that the right of way accorded to a driver upon a trunkline highway is something more than the privilege of going through an intersection in advance of a car which reaches it at the same time, and that the driver is entitled to assume that those approaching a through highway from an inferior street will obey the law and stop.   We also stated that, on the other hand, the driver on the through highway must keep such a lookout ahead and to the sides and down intersecting highways as a reasonably prudent person would

do in order to avoid possible danger. He must act carefully under the existing conditions. The record of the trial in the instant case shows that there was an issue of fact for the jury.

The question of insurance was injected into the case, but by defendant and not plaintiff. Five members of the jury impanelled were at the time insured or had been previously insured in a mutual company in which defendant held a policy. An affidavit to that effect, executed by the file supervisor of the insurance company, was presented prior to the *voir dire* examination of the jury. Plaintiff, not satisfied with this *ex parte* showing, demanded the right to examine the entire jury on *voir dire* to ascertain who, if any, were officers, employees or stockholders of the insurance company or members of any mutual insurance company. Plaintiff was denied this right, although the five members named in the affidavit were excused by agreement of counsel.

In *Harker* v. *Bushouse,* 254 Mich. 187, and *Holloway* v. *Nassar,* 276 Mich. 212, we referred to the right to examine jurymen to ascertain their connection with insurance companies and discussed a proper manner in which prospective members of the jury might be interrogated on *voir dire* to ascertain their interest, if any, in the insurance companies which might be involved. In the instant case, plaintiff was not bound to accept defendant's statement as to which members of the panel were members of the insurance company. *Gammill* v. *Culverhouse,* 217 Ala. 65 (114 South. 800). It was an *ex parte* statement and a wholly inadequate substitute for the right to examine on *voir dire.* Plaintiff, thus denied necessary information, did not waive his right to claim error by not exhausting his peremptory challenges. The judge's refusal to accord plaintiff the right to make this examination of the jury was error.

A question that may arise on a new trial is whether plaintiff was not awarded compensation under the workmen's compensation law on account of the accident. Defendant contends that if plaintiff received compensation under the statute, he would be precluded from bringing the present action, and the claim should have been made by the employer under the compensation law, 2 Comp. Laws 1929, § 8454. As it is questionable whether the issue was properly raised by the pleadings, and there is no showing that plaintiff received compensation, we decline to discuss the question. Notice of such defense, if it exists, can be given by proper pleading before the new trial. Other errors complained of will not likely arise on a new trial.

The judgment for defendant is reversed, with costs to plaintiff, and a new trial granted.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.