RHOADES *v.* FINN.

1. AUTOMOBILES—INTERSECTION—CONTRADICTORY TESTIMONY.
    Contradictory testimony of motorists whose automobiles collided at intersection of through highway and crossroad *held,* to present a question of fact for jury whose finding cannot be said to be contrary to the great weight of the evidence.

2. SAME—INTERSECTIONS—INSTRUCTIONS—RIGHT OF WAY.
    Instruction that motorist on through highway can assume that another approaching an intersection with it will obey the law and stop, yet, the person having the right of way would be guilty of negligence if he attempted to cross the intersection when the circumstances indicate that the other party was not going to stop *held,* not error.

3. SAME—RIGHT OF WAY—DUE CARE.

A motorist can rely on fact that he has the right of way and may assume that another will obey the law and observe such right unless the circumstances indicate the contrary but he must always exercise that degree of care and caution that a reasonably prudent and careful person would exercise under the same or similar circumstances.

4. TRIAL—INSTRUCTIONS—UNNECESSARY REPETITION.

Unnecessary repetition in instructions is argumentative and prejudicial.

5. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In action for injuries arising out of automobile collision at intersection of a through highway and a crossroad, instructions presenting issues to jury in a simple and clearly stated enunciation of the law without giving undue prominence to evidence favorable to defendant or disadvantageous to plaintiff and indicating court's solicitation to impress jury that it was not his opinion or intention to emphasize one proposition more than another *held*, unobjectionable as unnecessarily repetitious as to contributory negligence.

6. NEW TRIAL—VOIR DIRE—MEMBERSHIP IN MUTUAL AUTOMOBILE INSURANCE COMPANY.

Refusal of trial court to grant a new trial on ground that a juror concealed his membership in a mutual automobile insurance company *held*, proper where no record of *voir dire* conducted by the court was made and company of which he was a member was not the insurer involved herein and on motion for new trial he testified he had disclosed such membership and counsel for plaintiff did not request specific inquiry on the matter.

Appeal from Bay; McCormick (James L.), J. Submitted October 14, 1938. (Dockets Nos. 85–87, Calendar Nos. 40,094–40,096.) Decided March 10, 1939.

Separate actions of case by Kathleen Rhoades, Josephine Rhoades, and Lewis Rhoades against Charles Finn and Georgiana Finn for personal injuries sustained in a collision between automobiles. Cases consolidated for trial and appeal. Verdict

and judgment for defendants. Plaintiffs appeal. Affirmed.

*Leibrand & Leibrand,* for plaintiffs.

*Arthur J. Kinnane* (*James A. Robb,* of counsel), for defendants.

McAllister, J. The above cases were consolidated and the facts and testimony therein are the same; and on appeal can be disposed of by reference to the first above-named case.

In a negligence action for damages the jury rendered a verdict of no cause of action. Plaintiff appeals, claiming that the verdict is against the great weight of the evidence and assigns error on the failure of the court to give certain requested instructions. It is further claimed that the court erred in giving repetitious instructions to the advantage of defendant, and that a new trial should have been granted because of the concealment by a juror, on his *voir dire* examination, of his membership in a mutual automobile insurance company.

On November 7, 1935, plaintiff was driving an automobile in a westerly direction on the Richfield road about one mile east of the city of Flint. She was approaching an intersection with Western road, a north and south highway. Suspended over the center of this intersection is a traffic light which shows an amber warning signal to traffic on Richfield road and a red warning light to traffic on Western road. Richfield road is a through traffic highway and traffic on Western road must stop before crossing the intersection.

Plaintiff's testimony is considerably confused as to distances, but in one version she stated that when

she was approximately 200 feet from the intersection she saw defendants' automobile approaching from the south. She states that when she saw defendants' car it was slowing down. After glancing in the direction of the approaching automobile, she paid no further attention to it and continued on through the intersection. A collision ensued, resulting in injuries for which plaintiff claims damages.

The defendant Georgiana Finn was the driver of defendants' automobile. She stated that she drove north toward the intersection and when she was about 54 feet away she stopped. At this time, she testified, plaintiff was approximately 500 feet from the intersection. Defendant states that she thought she would pass over in safety but when she was within the intersection the two automobiles collided.

The contradictory testimony of the parties presented a question of fact for the jury, and on a review of the record we cannot say that their finding was contrary to the great weight of the evidence.

Complaint is made that the court erred in charging the jury that, while a person traveling on a through highway can assume that another approaching the intersection will obey the law and stop, nevertheless, the person having the right of way would be guilty of negligence if he attempted to cross at the intersection when the circumstances indicate that the other party was not going to stop. Such instruction was not error. One can rely on the right of way and may assume that another will obey the law and observe such right unless circumstances indicate the contrary. But he must always exercise that degree of care and caution that a reasonably prudent and careful person would exercise under the same or similar circumstances.

Error is further assigned because of repetitious instructions as to contributory negligence and its application to plaintiff's claim. Upon a careful examination of the charge of the court, we are of opinion that it was eminently fair and that it was neither argumentative or prejudicial. The issues were presented to the jury in a simple and clearly stated enunciation of the law. The trial court was especially solicitous to impress upon the jury that it was not his opinion or intention to emphasize one proposition more than another. No undue prominence was given to evidence favorable to defendant or disadvantageous to plaintiff. While unnecessary repetition in instructions is argumentative and prejudical, we find no such ground for criticism or reversal in this case.

On the *voir dire* examination of the jury, the question was asked on behalf of plaintiffs whether any of the jury were members of a "mutual insurance" company. Counsel for plaintiffs claimed that juror Krause raised his hand and stated that he was a member of a mutual fire insurance company, but that he did not also disclose the fact that he was a member of a mutual automobile insurance company. Such latter company, however, was not the insurer in the case. Nevertheless, plaintiffs claim that they lost the right to exercise a challenge thereby, because of their ignorance of the juror's interest in such an insurance company. No record was made of the *voir dire*. On a motion for new trial based on this ground, the juror in question was a witness and testified without qualification that at the time the question was asked, he raised his hand, stood up, and told of his membership in the automobile insurance company. The court held that, even though the examination may have been carried on by the court, plaintiffs

could have requested a specific inquiry as to membership of the prospective jurors in a mutual automobile insurance company, instead of merely "a mutual insurance company;" and denied a new trial. We are not impressed with the claim of plaintiff's counsel in this regard, and find no error in the refusal of the court to grant plaintiff's motion.

Judgment affirmed, with costs to defendants.

Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred. Butzel, C. J., did not sit. North, J., took no part in this decision.