RIFE v. COLESTOCK.

1. AUTOMOBILES—NEGLIGENCE—INTERSECTIONS.

A motorist approaching an intersection is bound to see what he would have seen had he looked.

2. SAME—INTERSECTIONS—DUE CARE.

A motorist entering an intersection must exercise that degree of care and caution that a prudent and careful man would under similar circumstances.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

To be guilty of contributory negligence so as to bar recovery of damages for injuries sustained as the result of an accident, such negligence must have been one of the causes of the accident.

4. AUTOMOBILES—STOP SIGNS—THROUGH STREETS.

A stop sign is a direction, not merely a caution, to motorists entering a through street, to stop.

5. SAME—STOP SIGNS—PRESUMPTIONS.

It is presumed that motorists will obey the law and stop before entering a through street as directed by stop sign.

6. SAME—STOP SIGNS—THROUGH STREETS—PRESUMPTIONS.

Motorist on through street may assume that drivers proceeding on a street where signs have been erected commanding them to stop before going into the through street will obey the law and stop.

7. SAME—THROUGH HIGHWAYS—STOP STREETS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Question as to contributory negligence of motorist on through street at an early hour on New Year's morning who, when about 60 feet from intersection, looked at right up stop street for a distance of 140 feet and saw nothing coming

---

Contributory negligence to bar recovery must have been such negligence as was one of the causes of the accident, see 2 Restatement, Torts, § 465.

Application of standard of conduct of a reasonable man to question of contributory negligence, see 2 Restatement, Torts, § 475.

That knowledge of pertinent matters including statutory law and municipal ordinances is considered in determining the conduct of an actor and his reasonableness in forecasting the future course of events, see 2 Restatement, Torts, § 289, comment on clause (b).

and did not look in that direction again until instant before impact was for jury where, had he looked again, he would have seen defendant motorist approach, slow up as if to stop, and then proceed, under testimony of plaintiff that he proceeded on the assumption that any one who approached intersection from right could not legally precede him across the intersection.

Appeal from Jackson; Williams (Benjamin), J. Submitted January 10, 1941. (Docket No. 95, Calendar No. 41,460.) Decided April 8, 1941.

Case by Donald Rife against Neal Colestock for damages for injuries resulting from an automobile accident. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Dahlem & Dahlem,* for plaintiff.

*Kleinstiver & Anderson,* for defendant.

BUTZEL, J. This action was brought in trespass on the case for personal injuries arising out of the collision of two automobiles at the intersection of Greenwood avenue and Morrell street in the city of Jackson. Greenwood avenue is a "through" street running northeast and southwest. Morrell street runs east and west. Each street is about 30 feet wide. Stop signals have been placed on Morrell street near the point where it intersects Greenwood avenue.

At about 3 a.m. on January 1, 1940, plaintiff, accompanied by his wife and two friends, drove his car from the northeast on Greenwood avenue toward its intersection with Morrell street. Notwithstanding the fact that it was cold, and that there had been some snow, he had clear vision through the windshield and the front windows of the car. He was familiar with Greenwood avenue and knew it was a through street. When plaintiff was 132 feet distant

from the intersection, and when he could see 140 feet to the west on Morrell street, he looked to the west and saw no traffic approaching. He therefore continued at the rate of about 20 miles per hour for 60 or 70 feet keeping his eyes on the 140-foot zone. Plaintiff then looked toward the east and did not look to the west again. Defendant approached Greenwood avenue from the west on Morrell street, but drove into the intersection without stopping. When plaintiff first saw defendant the distance between the two cars was about 6 feet. Plaintiff did not have time to apply his brakes and a collision resulted. Plaintiff was badly injured and brought suit for his damages. Further facts are set forth in the discussion.

The trial judge directed a verdict for defendant on the ground that plaintiff failed to look again to the west after he was 62 feet distant from the intersection, although as he approached the corner of Morrell street, the distance of the possible view increased. Plaintiff explained that he did not look again because:

"I only had a short distance to go to the corner, and I knew it was a stop street and any car going east would not have time to come up and stop and start up again by the time I was through the intersection."

He was under the belief that anybody coming from the west would observe the law, and would come to a stop as the law demands. 1 Comp. Laws 1929, § 4715 (Stat. Ann. § 9.1583).

In addition to this fact, plaintiff's wife, who accompanied him, saw defendant slow down momentarily upon approaching the stop sign and she believed that he was going to stop, but instead of stopping he suddenly speeded up again. Another witness testified that defendant slowed down and

then accelerated to his former speed. They thus had no occasion to warn plaintiff that defendant was about to violate the law. This testimony indicates that even had plaintiff looked again and seen defendant's car approaching, he would have been justified in assuming that it was going to stop. *Weil* v. *Longyear,* 263 Mich. 22; *Bunker* v. *Reid,* 255 Mich. 536.

We know of no rule of science or of experience by which the question of negligence or contributory negligence can be determined with exactitude. We have frequently stated that a person must exercise ordinary "horse sense;" that a person is bound to see what he would have seen had he looked. A person entering an intersection must exercise that degree of care and caution that a prudent and careful man would under similar circumstances. Also, to be guilty of contributory negligence so as to bar recovery, such negligence must have been one of the causes of the accident. Further, we have frequently held that a stop sign is a direction, not merely a caution, to drivers entering a through street, to stop. It is presumed that drivers will obey the law. One coming along a through street may assume that drivers proceeding on a street where signs have been erected commanding them to stop before going into a through street will obey the law. If this were not the case, no one could proceed with even fair rapidity along a through street. Under similar circumstances, in *Dramis* v. *Dunbar,* 280 Mich. 300, 302, 303, this court said:

"In the state of the traffic it was the duty of Dramis to make reasonable observation both to the left and right of the intersection. When he looked to the left he saw a clear space to the north about as long as his own distance from the point of collision. There was nothing in sight to alarm him. He was on a through highway with a right of way

over all cars on Livernois avenue and had the right to assume that any driver from the north would stop at the intersection. His distance from the intersection was short. His duty to look to the right was close upon him. To hold him guilty of negligence as a matter of law would require us to say that a reasonably prudent person would have put little or no reliance upon the preference of a through highway but that he would have anticipated, in spite of all indications to the contrary, that a driver might come from the north and violate the law by refusing to stop. Such a rule would seriously impair the use of the through highway and the value of stop signs; nor would it be in accord with the practice of careful drivers on such highways. See *Hilliker* v. *Nelson,* 269 Mich. 359, and *Townshend* v. *Reader,* 252 Mich. 465; *Arnold* v. *Krug,* 279 Mich. 702.''

There may be circumstances where a driver on a through street may be guilty of contributory negligence if he proceeds after he has seen that the driver from an inferior cross street has failed to stop in accordance with the stop sign. Plaintiff testified that the reason he did not look to the west again was because the intersection was clear 140 feet to the west when he looked, and that no one who came to a stop in accordance with the law could cross the intersection prior to plaintiff. Was this a reasonable surmise or not? Was a person guilty of contributory negligence in exercising such a belief? We hold that these questions are for the determination of a jury. See *Swainston* v. *Kennedy,* 253 Mich. 518; *Bunker* v. *Reid, supra; Rhoades* v. *Finn,* 288 Mich. 262; and *Campbell* v. *Osterland,* 283 Mich. 175.

Reversed and remanded for a new trial. Costs awarded to plaintiff.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, McAllister, and Wiest, JJ., concurred.