CARROTHERS *v.* FRENCH.

1. AUTOMOBILES—THROUGH HIGHWAYS—OBSERVATION OF TRAFFIC ON INTERSECTING HIGHWAYS.

Although a motorist may be on a through highway, the right of way accorded him does not relieve him from his duty to make proper observation of traffic approaching on intersecting highways and to use reasonable care and caution to avoid an accident (1 Comp. Laws 1929, § 4713 [c], as amended by Act No. 318, Pub. Acts 1939).

2. SAME—TRUNK LINE HIGHWAYS—RIGHT OF WAY—NEGLIGENCE.

While the law accords the right of way to motorists on trunk line highways, it does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence (1 Comp. Laws 1929, § 4713 [c], as amended by Act No. 318, Pub. Acts 1939).

3. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—THROUGH HIGHWAYS.

A motorist desiring to cross through highway must anticipate fast traffic on it, and when range of his vision is limited, he may not always assume that a single observation will disclose the whole situation, and proceed as though there were no cars within colliding distance; on the other hand, he may assume that a driver on the through highway, coming into the range of vision, will discover him seasonably and take ordinary care to avoid collision.

4. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—FAILURE TO OBSERVE—QUESTION OF FACT.

Although defendant motorist on intersecting highway may have been negligent in attempting to cross through highway, testimony presented a question of fact as to whether or not plaintiff's driver, a motorist thereon, made proper observation at unobstructed corner and exercised reasonable care in failing

Contributory negligence of plaintiff sufficient to bar recovery, see 2 Restatement, Torts, § 476, also § 475, comment a; causal relation between harm and negligence, §§ 465, 467; contributory negligence defined, § 463.

to sound horn, apply brakes or reduce speed after having seen defendant 50 or 60 feet to the south of the intersection while plaintiff's driver was some 300 to 400 feet west of the intersection, hence verdict of no cause for action was not against the great weight of the evidence (1 Comp. Laws 1929, § 4713 [c], as amended by Act No. 318, Pub. Acts 1939).

5. SAME—THROUGH HIGHWAYS—CONTRIBUTORY NEGLIGENCE—STOPPING—CROSSING IN FRONT OF ONCOMING TRAFFIC.

Where cross-defendant's driver, on through highway, may have been negligent in failing to make proper observation of cross plaintiff on intersecting road, latter, who had stopped at the through highway but attempted to cross in front of cross defendant's car although his unobstructed view permitted him to see in direction from which such car approached for 750 feet, was guilty of contributory negligence as a matter of law (1 Comp. Laws 1929, § 4713 [e], as amended by Act No. 318, Pub. Acts 1939).

6. SAME—THROUGH HIGHWAYS—STOPPING—FAILURE TO OBSERVE—CONTRIBUTORY NEGLIGENCE.

It is the duty of a motorist on an intersecting highway to stop before entering a through highway upon which there is traffic approaching the intersection and make proper observation before entering the intersection and if he fails to make such observation he is guilty of contributory negligence as a matter of law (1 Comp. Laws 1929, § 4713 [e], as amended by Act No. 318, Pub. Acts 1939).

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—APPEAL BY BOTH PARTIES.

On appeal from verdict and judgment of no cause of action in both plaintiff's action and defendant's cross action arising out of automobile collision, the fact that both parties appeal does not necessarily result in confining questions presented to questions of law only.

8. COSTS—APPEAL BY BOTH PARTIES.

In action and cross action arising out of automobile collision where both parties appeal and neither prevails, no costs are allowed.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 13, 1944. (Docket No. 14, Calendar No. 42,651.) Decided September 11, 1944.

Case by Herbert M. Carrothers against W. W. French for damages to an automobile arising from an automobile accident. Cross action of case by defendant against plaintiff for damages to automobile and personal injuries. Verdict and judgment of no cause for action by either party. Plaintiff appeals. Defendant cross-appeals. Affirmed.

*Warning & Platt* (*Charles A. Bennett,* of counsel), for plaintiff.

*Earl S. Demel* (*Arthur C. Lumley* and *William J. Eggenberger,* of counsel), for defendant.

STARR, J. This case involves an automobile accident which occurred about 5 o'clock in the afternoon of September 16, 1942, at the intersection of through highway US-12 and Ann Arbor Trail road, near the city of Plymouth. Suit was begun and trial had in the common pleas court of Detroit, and on appeal by defendant to the circuit court for Wayne county was retried *de novo.* Plaintiff asserted claim for damages which he alleged resulted from defendant's negligence. Defendant filed cross declaration claiming damages which he alleged resulted from the negligence of the driver of plaintiff's car.

At the conclusion of all proofs plaintiff moved for a directed verdict against defendant on his cross declaration, on the ground that he was guilty of contributory negligence as a matter of law. The trial court reserved decision on such motion and submitted the case to the jury, which returned a verdict of no cause of action against each party. Judgment was entered on such verdict, plaintiff's motion for a new trial was denied, and he appeals. Defendant cross-appeals.

US-12 is a cement-paved, through highway, 24 feet wide, running east and west. Ann Arbor Trail road is tarvia surfaced to a width of 20 feet and runs in a southeasterly and northwesterly direction. The intersection of the two roads resembles an X with the greater or obtuse angles on the northeasterly and southwesterly segments of the intersection. Plaintiff's car, driven by his 21-year-old son, was proceeding east on US-12 and approached the intersection at a speed variously estimated at 45 to 60 miles an hour. Defendant, driving his Ford pick-up truck in a northwesterly direction on the Ann Arbor Trail road, approached the intersection at a speed of about 35 miles an hour, but stopped before entering the intersection. The day was clear, the roadways were dry, there was no interfering traffic, and the view of each driver was unobstructed.

After passing a car driven by witness Austin, at a point 600 feet or more west of the intersection, plaintiff's driver did not return to his right side of the road but proceeded toward the intersection straddling the center line. He testified that when he was 300 to 400 feet west of the intersection, he observed defendant's car 50 to 60 feet south of the intersection; that he did not see defendant's car stop, but admitted, "Perhaps he did. I didn't see him stop." Though his view was unobstructed, plaintiff's driver did not make further observation until about 50 feet from the intersection, when he saw defendant's car proceeding slowly across in front of him. He said that he swerved to the left onto the north (wrong) side of the highway to avoid a collision. He admitted that he was familiar with the highway and intersection; that he did not sound his horn, apply his brakes or reduce his speed. Witness Austin testified that plaintiff's car was

approximately 90 feet from the intersection when defendant started across.

Defendant testified that he stopped his car before entering the intersection; that he observed the highway to the left and right; that he saw the car of witness Austin about 750 feet distant approaching from the left (west) and the car of witness Stamper about 250 feet distant approaching from the right (east); that he made no further observation and proceeded across the intersection in low gear at a speed of 10 to 15 miles an hour; and that while crossing the intersection, he could have stopped his car within 3 or 4 feet. Defendant said that he did not see plaintiff's car until it was directly in front of him. He testified in part:

"*Q.* Did you see that car at any time except just before the impact took place?

"*A.* I did not. I never saw that car until it was right in front of me.  *  *  *

"*Q.*  *  *  * You came to the road and *  *  * stopped and looked?

"*A.* Looked up and down the road. I seen the traffic was clear and proceeded across the road. *  *  *

"*Q.* Did you look to your left again after you observed that car (witness Austin's car) coming out of the bend on the straightaway the first time?

"*A.* No."

The cars collided in the northeast portion of the intersection, at a point about three feet from the north line of US-12. The front of defendant's car struck the right side of plaintiff's car near the front wheel. Defendant's car remained on the highway near the place of impact, while plaintiff's car continued on out of control for 100 feet or more.

Assuming, for the purpose of this opinion, that defendant was negligent, the first question presented

is whether or not plaintiff's driver was guilty of contributory negligence barring recovery. Plaintiff contends in substance that because his car was on a through highway, his driver was free from contributory negligence as a matter of law. We cannot agree with such contention. Although he was driving on a through highway, it was the duty of plaintiff's driver to make proper observation of traffic approaching on intersecting highways and to use reasonable care and caution to avoid an accident. In the case of *Kerns* v. *Lewis,* 246 Mich. 423, Mr. Justice WIEST, writing for the court, said in part, pp. 426, 428:

"Plaintiff was driving east on a trunk line highway, and defendant's car was being driven north on an intersecting highway.     *     *     *

"Plaintiff invoked the right of way accorded by law to users of a trunk line highway and the assurance of safety thereunder. While the law accords the right of way, it requires, as well, the exercise of at least 'horse sense.' The statute * does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence."

In the case of *Adams* v. *Canfield,* 263 Mich. 666, we said:

"A rate of speed on a through highway of 45 or more miles per hour is not illegal nor excessive nor uncommon. It is quite ordinary. A driver desiring

---

* The statute in effect when the cause of action arose in the case from which this quotation was taken was Act No. 96, Pub. Acts 1923. That statute was repealed by Act No. 318, Pub. Acts 1927. For present statutory law on the subject of right of way at type of intersection here involved, see 1 Comp. Laws 1929, § 4713 [c], as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4713 [c], Stat. Ann. 1943 Cum. Supp. § 9.1581[c]).—REPORTER.

to cross such road must anticipate fast traffic on it, and, when the range of his vision is limited, he cannot always assume that a single observation will disclose the situation and all of its probabilities and proceed as though there were no cars on the road within colliding distance. *On the other hand, he may assume that a driver on the through highway, coming into the range of vision, will discover him seasonably and take ordinary care to avoid collision."*

In the case of *Rife* v. *Colestock,* 297 Mich. 194, 198, Mr. Justice Butzel said:

"There may be circumstances where a driver on a through street may be guilty of contributory negligence if he proceeds after he has seen that the driver from an inferior cross street has failed to stop in accordance with the stop sign. Plaintiff testified that the reason he did not look to the west again was because the intersection was clear 140 feet to the west when he looked, and that no one who came to a stop in accordance with the law could cross the intersection prior to plaintiff. Was this a reasonable surmise or not? Was a person guilty of contributory negligence in exercising such a belief? We hold that these questions are for the determination of a jury. See *Swainston* v. *Kennedy,* 253 Mich. 518; *Bunker* v. *Reid,* 255 Mich. 536; *Rhoades* v. *Finn,* 288 Mich. 262."

In *Campbell* v. *Osterland,* 283 Mich. 175, we said:

"The law applicable to the situation, as stated in *Arnold* v. *Krug,* 279 Mich. 702, is that the right of way accorded to a driver upon a trunk line highway is something more than the privilege of going through an intersection in advance of a car which reaches it at the same time, and that the driver is entitled to assume that those approaching a through highway from an inferior street will obey the law and stop. *We also stated that, on the other hand, the driver on the through highway must keep*

*such a lookout ahead and to the sides and down intersecting highways as a reasonably prudent person would do in order to avoid possible danger. He must act carefully under the existing conditions.*"

See, also, *Breker* v. *Rosema,* 301 Mich. 685 (141 A. L. R. 867) ; *Dramis* v. *Dunbar,* 280 Mich. 300.

The testimony clearly presented questions of fact as to whether or not plaintiff's driver made proper observation and whether or not he exercised reasonable care and caution to avoid the accident. There was evidence from which the jury could find, as they apparently did, that he was guilty of contributory negligence as a matter of fact. We cannot say that the verdict was against the great weight of the evidence.

Assuming, for the purpose of this opinion, that the driver for plaintiff, as cross-defendant, was negligent, the next question is whether or not defendant as cross-plaintiff was guilty of contributory negligence barring recovery under his cross-declaration. He stopped his car at the through highway, as required by law. 1 Comp. Laws 1929, § 4713 (e), as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4713 [e], Stat. Ann. 1943 Cum. Supp. § 9.1581 [e]). It was his duty to make proper observation for approaching traffic before entering the intersection. He had a clear and unobstructed view to the left (west) for a distance of more than 750 feet. He saw witness Austin's car approaching at a distance of about 750 feet and concluded that he could safely cross the highway. He proceeded into the intersection without making further observation and did not see plaintiff's car until it was directly in front of him. It is clear that, had he made proper observation, he would have seen or be presumed to have seen plaintiff's

car, which was plainly visible as it approached from the west. In *Heckler* v. *Laing,* 300 Mich. 139, 145, we said:

"It was not only the duty of plaintiff's decedent to stop at US-2, but it was also his duty, after stopping, to make proper observation for approaching traffic. If he, \* \* \* having stopped, failed to make proper observation before entering the intersection, he was guilty of contributory negligence as a matter of law. *Gallagher* v. *Walter,* 299 Mich. 69; *Zuidema* v. *Bekkering,* 256 Mich. 327; *Buwalda* v. *County of Ottawa,* 270 Mich. 477.

"Plaintiff's decedent, in making the required observation on US-2, is presumed to have seen what a person in the exercise of ordinary care and caution would see; that is, what was plainly visible."

See, also, *Slingerland* v. *Snell,* 283 Mich. 524; *Knight* v. *Merignac,* 281 Mich. 684.

We conclude that under his own testimony defendant as cross plaintiff was guilty of contributory negligence as a matter of law. The trial court might properly have granted plaintiff's motion for a directed verdict against defendant as cross plaintiff. However, there was evidence from which the jury could find, as they apparently did, that defendant as cross plaintiff was guilty of contributory negligence as a matter of fact.

Plaintiff contends that the appeal by both parties is, in effect, a concession that only questions of law are presented for review. We find no basis or authority for such contention in this case.

The judgment is affirmed. Neither party having prevailed, no costs are allowed.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.