SCHAIBLY *v.* VINTON.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   Trial judge's finding in nonjury case that plaintiff southbound motorist on through highway was guilty of contributory negligence *held,* justified under record submitted.

2. SAME—THROUGH HIGHWAYS—SPEED—CAUTION SIGNALS.
   The privileges of a motorist on a through highway do not carry the right to go beyond the legal speed limit nor to disregard the necessity for caution, where there is a caution signal as evidenced by a yellow flashing signal (PA 1949, No 300, § 614).

3. ATTORNEY AND CLIENT—PRIVILEGE OF SECRECY—WAIVER.
   The privilege of secrecy as to what passes between an attorney and client is the privilege of the client and he may waive it if he chooses; the privilege not being that of the court or any third party.

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 5 Am Jur, Automobiles § 302.
[2] Rights and duties at intersection of arterial (or other favored) highway and nonfavored highway. 58 ALR 1197; 81 ALR 185.
[3–6] 58 Am Jur, Witnesses §§ 368, 371, 522.

4. APPEAL AND ERROR—ATTORNEY AND CLIENT—HARMLESS ERROR.
    An improper ruling by a trial judge as to the existence of the
    attorney-client privilege in regard to testimony by a witness,
    not a party to the lawsuit, cannot be asserted by the plaintiff
    as reversible error.

5. SAME—HARMLESS ERROR—PRIVILEGE.
    An improper ruling by a trial court upon a question of privilege
    of a witness who is not a party to the case, cannot be ex-
    cepted to by a party as an error justifying an appeal and a
    new trial, if the ruling denies the privilege and compels the
    witness to testify.

6. SAME—HARMLESS ERROR—NONJURY CASE—ATTORNEY AND CLIENT.
    Ruling of trial judge in nonjury case admitting into evidence
    the testimony of witness, not a party to the case, as to com-
    munication between himself and an attorney *held*, not reversible
    error, where trial judge stated that the issue arising from
    the reception of such testimony would have no consideration
    in deciding the case and it is evident it did not.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 9, 1953. (Docket No. 51, Calendar No. 45,948.) Decided November 27, 1953.

Case by Robert S. Schaibly and Auto Owners Insurance Company against J. Ross Vinton for damages to automobile involved in accident. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Fred Roland Allaben* (*Craig E. Davids,* of counsel), for plaintiffs.

*Markle, Markle & Eubank,* for defendant.

BUTZEL, J. Robert S. Schaibly, referred to herein as plaintiff, together with the Auto Owners Insurance Company as subrogee of plaintiff, brought suit against J. Ross Vinton, defendant, to recover for the cost of repairs to and replacements in an automobile, owned by Schaibly, which was badly damaged in a collision which occurred at the intersection of Nine Mile road and Greenfield road in Oakland county,

Michigan, on August 18, 1950, at approximately 4:50 p.m. Plaintiff was driving his Oldsmobile in a generally southerly direction on Greenfield road, a 2-lane concrete through highway 20 feet in width. Defendant was driving his Ford automobile in an easterly direction along the Nine Mile road, a 2-lane blacktop road 20 feet in width. A stop sign is posted on Nine Mile road 100 feet or less west of the westerly line of Greenfield road. The legal speed limit on Greenfield road is 45 miles per hour. However, there is a flashing signal which was evidently in operation at this intersection and plainly visible to drivers traveling on Greenfield road. This flashing signal was yellow for traffic on Greenfield road and red for traffic on the Nine Mile road. The applicable statute provides:

"Whenever flashing red or yellow signals are used they shall require obedience by vehicular traffic as follows:

"1. Flashing red (stop signal). When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or at a limit line when marked and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.

"2. Flashing yellow (caution signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or past such signal only with caution." PA 1949, No 300, § 614 (CL 1948, § 257.614 [Stat Ann 1952 Rev § 9.2314]).

The automobiles of plaintiff and defendant collided at this intersection. Plaintiff's automobile continued a short distance apparently somewhat out of control and collided with an automobile of one Brennan who was at that time traveling in a generally northerly direction on Greenfield road.

Plaintiff claims that defendant did not stop before entering Greenfield road. Defendant claims that the plaintiff did not enter the intersection with caution; that he was exceeding the speed limit; that he was relying upon the horn he was blowing rather than caution; and that he saw and was aware of the closely approaching traffic.

The case was tried before a judge without a jury. The trial judge discredited defendant's testimony and held him negligent in not stopping before entering upon the paved portion of Greenfield road. He also held the plaintiff guilty of contributory negligence under the facts as disclosed.

Plaintiff testified that he was a civil engineer and was driving between 2 construction projects; that he left the first project located at Fourteen Mile road and Greenfield road at approximately 4:15 p.m. and that the collision occurred at 4:50 p.m. According to plaintiff's testimony 35 minutes thus elapsed while he was traveling the short distance between the Fourteen Mile road and the Nine Mile road. Plaintiff testified that the second project to which he was driving was located 4 or 5 miles south of the intersection at which the collision occurred. Plaintiff stated that at the second project he usually worked until 5 or 5:30 p.m. but on that particular day he anticipated working later in order to supervise the placing of a furnace sitting outdoors under cover before night and the closing down of that project. Plaintiff testified that it had rained 10 minutes before the collision and that the pavement was wet. Plaintiff further testified that he saw 2 cars preceding that of defendant cross Greenfield road without stopping; that he also saw defendant's car approaching Greenfield road and expected defendant to stop but that when defendant proceeded to cross Greenfield road without stopping plaintiff was too near defendant's car to avoid a collision.

Under the facts as testified to by plaintiff there was sufficient reason for plaintiff to hurry. The judge may have noticed that plaintiff was not too accurate in his judgment of the speed at which he was traveling when he claimed it took him approximately 35 minutes to go from the Fourteen Mile road to the Nine Mile road. In any event, the judge did not believe plaintiff when he stated that he was going at less than the legal speed limit of 45 miles per hour. The testimony of witnesses places his speed at 50 miles per hour, and one witness who was disinterested testified that plaintiff was going "a good 50" miles per hour.

It would serve no useful purpose to review the testimony of the various witnesses except to say that the judge was fully justified in finding that plaintiff was guilty of contributory negligence. Had plaintiff gone slower and thus had his car under better control the accident would not have occurred.

Plaintiff cites many cases where we have pronounced the rule that a through lane gives a driver certain privileges which parties crossing at an intersection must respect. Such privileges do not carry with them the right to go beyond the legal speed limit nor to disregard the necessity for caution where there is a caution signal as evidenced by the yellow flashing signal. *Marciniak* v. *Sundeen,* 278 Mich 407; *Campbell* v. *Osterland,* 283 Mich 175; *Holley* v. *Farley,* 289 Mich 676; *Carrothers* v. *French,* 309 Mich 340.

Error is asserted in the ruling of the trial judge admitting, over objection of plaintiff's counsel, testimony of plaintiff's witness Leo Brennan on cross-examination. Witness Brennan was the owner and driver of the third automobile damaged as a result of the collision between plaintiff and defendant. On cross-examination witness Brennan was asked:

"*Q.* It is also your present intention to join Schaibly as a defendant in that case?

"*A.* No, sir. That is up to the lawyers.

"*Q.* Has the matter been discussed with you at all?"

At this point plaintiff's counsel objected to the question as an invasion into the privileged confidential communications between attorney and client. The trial judge denied the objection and ruled that the witness would be permitted to answer.

In the case of *Passmore* v. *Estate of Passmore,* 50 Mich 626, 627 (45 Am Rep 62), Justice COOLEY, in ruling upon the scope of the attorney-client privilege, stated:

"There is a privilege of secrecy as to what passes between attorney and client, but it is the privilege of the client and he may waive it if he chooses. * * * It is not the privilege of the court or any third party."

Witness Brennan was not a party to the lawsuit. The privilege of secrecy surrounding confidential communications between witness Brennan as a client and his attorney is a personal one. An improper ruling by the trial judge as to the existence of the attorney-client privilege in regard to testimony by a witness not a party to the lawsuit cannot be asserted by the plaintiff as reversible error.

"An improper ruling by the court, upon a question of privilege, cannot be excepted to by the party as an error justifying an appeal and a new trial, if the ruling denies the privilege and compels the witness to testify." 8 Wigmore on Evidence (3d ed), § 2196.

In the colloquy between the trial judge and plaintiff's counsel in regard to the citation of authorities pertaining to the extent and protection of confidential communication, the judge stated that the issue

that arose concerning confidential communications would have no consideration in his decision of the case. It is evident from the record that the court's decision was not influenced in any respect by the ruling on that issue and the testimony following that ruling.

We believe that there was sufficient testimony to fully justify the trial judge in holding that plaintiff was guilty of contributory negligence and the judgment in favor of defendant is affirmed, with costs.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.