ZUIDEMA *v.* BEKKERING.

1. EVIDENCE—WITNESS SHOULD NOT MAKE DEDUCTIONS.

Where court or jury can make their own deductions, they should not be made by witness.

2. SAME—CONCLUSIONS—APPEAL AND ERROR.

In action for damages caused by automobile collision ·at intersection, it was not reversible error to permit defendant to testify, in answer to question by his counsel, that there was nothing he could do to avert accident, where he had already testified to facts on which his conclusion was based.

3. NEGLIGENCE—IMPUTABLE TO PASSENGER.

Contributory negligence of husband driving automobile is imputable to wife who was injured in collision while riding with him.

4. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE.

Where automobile driver, with knowledge of car approaching on intersecting road, drove on in front of it, resulting in collision, he was guilty of contributory negligence.

5. SAME—FAILURE TO LOOK AGAIN AFTER STOPPING.

Automobile driver who stopped and looked down intersecting road to left and saw car approaching, and then drove on across intersection without again looking to left, resulting in collision, was guilty of contributory negligence.

---

As to whether husband's negligence is imputable to wife injured while riding with husband, see annotations in 14 L. R. A. 733; L. R. A. 1915A, 764.

On rights and duties of drivers of automobiles at street intersections, see annotation in 58 A. L. R. 1197.

6. SAME—DRIVER HELD TO HAVE SEEN WHAT HE SHOULD HAVE SEEN.
   Automobile driver who failed to see car approaching on inter-
   secting highway when there was nothing to prevent his seeing
   it, and drove across, resulting in collision, is guilty of con-
   tributory negligence, although he stopped and looked, since he
   must be held to have seen what he should have seen.

7. APPEAL AND ERROR—REFUSAL TO GIVE REQUESTS COVERED BY
   CHARGE.
   Refusal to give requests to charge was not error, where they
   were either given or covered by charge as given.

8. SAME—INAPPLICABLE REMARKS NOT ERROR WHERE NOT PREJU-
   DICIAL.
   Philosophic ruminations of trial judge in charge, not resulting
   in prejudice, held, not reversible error, although not applicable
   to case.

Appeal from Kent; Brown (William B.), J. Sub-
mitted October 28, 1931. (Docket No. 160, Calendar
No. 36,023.) Decided December 8, 1931. Rehearing
denied March 3, 1932.

Case by Alice Zuidema against Gerrit Bekkering
for personal injuries received in an automobile colli-
sion at a highway intersection. Verdict and judg-
ment for defendant. Plaintiff appeals. Affirmed.

*Dunham, Taylor & Allaben,* for plaintiff.

*Linsey, Shivel & Phelps* and *Knappen, Uhl, Bry-
ant & Snow,* for defendant.

POTTER, J. Plaintiff sued defendant to recover
damages alleged to have resulted from personal
injuries, caused by defendant's negligence. From a
judgment for defendant, plaintiff appeals. Plain-
tiff, riding in an automobile driven by her husband,
was injured by its collision with defendant's auto-
mobile at the intersection of the so-called Byron
Center road with the so-called Fisher road in Kent

county, August 7, 1930, at about 4:30 o'clock in the afternoon. The Byron Center road is a paved highway running north and south. The Fisher road is a country highway running east and west and crossing the Byron Center highway at right angles. Defendant was going north on the Byron Center highway and plaintiff was riding with her husband going west on the Fisher highway toward its intersection with the Byron Center road. The weather was clear. The collision occurred in broad daylight. Plaintiff claims her husband stopped the automobile driven by him before attempting to cross the paved highway. There was testimony disputing this claim and testimony tending to show the occupants of the car admitted at the time it had not been stopped by plaintiff's husband.

Defendant was called, under the statute (3 Comp. Laws 1929, § 14220), and examined as a witness for plaintiff, and, upon cross-examination by his own counsel, he was asked, "Was there anything you could have done, that you did not do, to avert this accident after you discovered the machine?" This question was objected to, and after some comment by the court, he was permitted to answer, "No, there was not." It is claimed by plaintiff that the ruling of the trial court in permitting the defendant to answer this question allowed the witness to invade the province of the jury, that the question was improper and called for a conclusion and not for facts, and for this error the judgment should be reversed. Previous to this time the defendant had been asked whether or not he applied his brakes, whether he had an opportunity to drive behind the car which was crossing the highway in front of him; whether he had an opportunity to drive in front of the car, and he testified he put on his brakes as quick as

he could. Neither car was overturned. In *Langworthy* v. *Township of Green*, 88 Mich. 207, plaintiff was permitted to testify he was driving as carefully as he could. A motion was made to strike out this testimony, which motion was overruled. This court said:

"The rule is that, where the court or jury can make their own deductions, they shall not be made by those testifying; but where the witness gives fully and succinctly, as in this instance, the facts upon which he bases that conclusion, there is no presumption of prejudice."

The rule above stated is still the rule in this State.

If plaintiff's husband was guilty of contributory negligence, such contributory negligence is imputable to plaintiff. Plaintiff's husband, the driver of the automobile on the Fisher road, when he reached a point thereon near the pavement on the Byron Center road, had an unobstructed view to the left down the Byron Center road, for a distance of 500 feet and a practically clear view for approximately 1,100 feet. If plaintiff's husband looked down the highway to the left and saw defendant's automobile approaching and drove on to the pavement in front of defendant's automobile with knowledge of its approach, he was guilty of contributory negligence. If plaintiff's husband, though he may have stopped his automobile near the intersection and before attempting to cross the pavement, did not look to the left, but drove onto the pavement without looking and by reason thereof was struck by the defendant's automobile, he was guilty of contributory negligence. It will not do to say that plaintiff's husband looked down the Byron Center road to the left before attempting to cross the pave-

ment and did not see the automobile of defendant approaching. He must be held to have seen what he should have seen, which there was nothing to prevent him from seeing, and if, as contended by plaintiff, he stopped his automobile, looked to the left, and did not see what was plainly to be seen, the approach of defendant's automobile, he was guilty of contributory negligence which would bar plaintiff's recovery.

It is claimed the court erred in denying the plaintiff's requests to charge. We have examined all the requests preferred by plaintiff, and the charge of the court, and all of these requests were given or substantially covered by the charge as given. Complaint is made of the charge of the court. There are in the charge some things not applicable to the case. We cannot say plaintiff was prejudiced by these philosophic ruminations of the trial judge. All of the material facts claimed by plaintiff were disputed by defendant, who was corroborated by disinterested witnesses, and there was impeaching testimony in the case. We find no reversible error in the manner in which the claims of the respective parties in relation to these disputed questions of fact were submitted to the jury. Judgment affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.