BUWALDA *v.* COUNTY OF OTTAWA.

1. AUTOMOBILES—DRIVER'S CONTROL—LIGHTS—BRAKES.
   One driving automobile at night in this State must have vehicle under such control that it may be stopped within range of clear vision ahead, have lights enabling him to see clearly 200 feet ahead, and brakes enabling him to stop within range of such lights (1 Comp. Laws 1929, § 4738, as amended by Act No. 59, Pub. Acts 1931).

2. SAME—STOPPING.
   An automobile driver must not only have his car under such control that he may be able to begin to stop within the range of his vision or use diligence after discovering an object, but he must so drive that he can and will discover an object, perform the manual acts necessary to stop and bring the car to a complete halt within such range.

3. SAME—CONTRIBUTORY NEGLIGENCE—DRIVER HELD TO HAVE SEEN WHAT HE SHOULD HAVE SEEN.
   In action under the survival act against county for failure to post timely warning signals, by administratrix of estate of automobile driver who approached T-shaped intersection at night on a smooth gravel road near the extended center line of which was a fence and row of trees and a red reflector was on a pole slightly to the right, decedent *held,* amply warned of danger so as to be guilty of contributory negligence as a matter of law where he turned corner at such speed as to strike bridge abutment 30 feet to the right of the center of the road on which he had been traveling, since he must be held to have seen what he should have seen (Comp. Laws 1929, § 4738, as amended by Act No. 59, Pub. Acts 1931; § 14040).

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 23, 1935. (Docket No. 121, Calendar No. 38,158.) Decided March 5, 1935.

Case by Cecelia Buwalda, administratrix of the estate of Peter Buwalda, deceased, against County of Ottawa and Township of Tallmadge, municipal

corporations, for death of plaintiff's decedent caused by negligence in failing to maintain proper road warning signs. Upon disagreement of jury, judgment was entered for defendants. Plaintiff appeals. Affirmed.

*Sigmund S. Zamierowski,* for plaintiff.

*John R. Dethmers* and *Louis H. Osterhous,* for defendants.

Edward M. Sharpe, J. This is an action under the survival act (3 Comp. Laws 1929, § 14040) for injuries received by plaintiff's decedent in an automobile accident on a county highway in Ottawa county and from the record we find that plaintiff's decedent left Grand Rapids at 7 p. m., accompanied by one Archie Lish. They drove to Marne and then turned south. This road is not a through highway, but is a county road running through a farming community. It runs south from Marne a distance of one mile and then ends at an east and west road. Both of these roads are good, smooth and of a gravel construction. They were in good condition as to roadbed and surface at the time of the accident. The north and south road is approximately 15 feet wide with ditches on each side of it and the east and west road is 15 or 16 feet wide.

At the turn west, at the intersection, the east and west road crosses a bridge, which is 22 feet west of the west line of the north and south road if extended. The bridge is 15 feet wide and has sloping cement wings extending fanwise at all four corners. On the east side of the north and south road is an open field and to the west of this road the condition is similar with the exception of a few trees and a line of telephone poles.

On the south side of the east and west road and opposite the end of the north and south road is a row of trees and a fence extending south and an open field east of the trees. The fence and trees are from three to five feet west of the middle line of the north and south road if extended, and the first tree south of the east and west road is about 18 feet from its southern edge. The record also shows that a pole stands about six feet from the south edge of the east and west road. This pole is about three feet west of the fence and row of trees. On this pole there is attached a glass reflector designed to show red when a light is thrown upon it. The reflector is six or seven inches in size and is so placed on the pole that the lights of a car traveling south on the north and south road will show a reflection; however, on the date of the accident part of the glass in the reflector was broken.

The only living eyewitness to the accident is the witness Archie Lish who testified that the accident occurred about 8 o'clock in the evening of December 1, 1932; that the night was dark and somewhat cloudy; that the road was smooth with a slight sprinkling of snow, but no snow where the roads intersected; that plaintiff's decedent was traveling along at the rate of 18 to 20 miles per hour; and that suddenly and without warning they came to the end of the road, and in making a turn to the right after applying the brakes, was unable to keep his car on the road and it ran upon the southeasterly cement arm of the bridge, toppled into the ditch, injuring plaintiff's decedent, as a result of which he died December 3, 1932.

The cause was tried before a jury and at the conclusion of all testimony defendants made a motion for a directed verdict on the theory that plaintiff's

decedent was guilty of contributory negligence, and that such negligence was the proximate cause of the accident.

The trial judge reserved his decision and upon the failure of the jury to agree upon a verdict they were discharged. Defendants then filed a motion for a judgment of no cause of action on the grounds contained in their motion for a directed verdict. This motion was granted.

Plaintiff contends that it was the duty of the county to post timely warning signals at the intersection of the two roads above mentioned and that their absence was the proximate cause of the accident. The first question that presents itself to us is, was plaintiff's decedent guilty of contributory negligence?

Section 4738, 1 Comp. Laws 1929, as amended by Act No. 59, Pub. Acts 1931, provides that a driver of an automobile under normal atmospheric conditions and on a level road must have lights on his car that will produce a driving light sufficient to render clearly discernible a person 200 feet ahead.

See, also, *Skaug* v. *Knappins,* 241 Mich. 57; *Thompson* v. *Southern Michigan Transportation Co.,* 261 Mich. 440.

"This court has laid it down as a general rule with reference to contributory negligence that the driver of an automobile must drive at such rate of speed and have his car under such control that he can stop it within the clear vision ahead." *Fraley* v. *J. Calvert's Sons,* 266 Mich. 460, 465.

"It seems to be settled by the statutes and decisions of this State that one driving an automobile in the nighttime must have the vehicle under such control it may be stopped within the range of clear vision ahead; must have his vehicle equipped with

proper lights to enable him to see clearly 200 feet ahead; must have the vehicle equipped with proper brakes kept in good working order to enable him to stop within the range of such lights." *Gardinear* v. *Railway Co.*, 265 Mich. 286.

"It is not enough that a driver be able to begin to stop within the range of his vision or that he use diligence to stop after discerning an object. The rule makes no allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range." *Thompson* v. *Southern Michigan Transportation Co., supra,* 447.

If we follow the rule laid down in *Zuidema* v. *Bekkering,* 256 Mich. 327, which says that: "He must be held to have seen what he should have seen, which there was nothing to prevent him from seeing, and if * * * he did not see what was plainly to be seen * * * he was guilty of contributory negligence which would bar plaintiff's recovery," and it is the proper rule, then we find that plaintiff's decedent would have seen a smooth gravel road in front of him for a distance of 200 feet ahead; and that when he approached the intersection of the two highways he would have seen a fence and a row of trees from three to five feet west of the center of the north and south road; and if he was traveling on the westerly portion of this road these trees would appear to be directly in his proposed path; he would also have seen a telephone pole three feet to the west of these trees with a red reflector on it, which in itself was a warning of danger to all south-bound travelers on the north and south road. Such a light is a danger signal and it is the duty of all travelers on the highway to heed it.

The record also discloses that plaintiff's decedent was traveling in the center of the north and south highway, and that the distance from the north line of the east and west road in the middle of the north and south road to the point on the bridge abutment where plaintiff's decedent struck is 30 feet, and if plaintiff's decedent was not traveling more than 20 miles per hour he had ample time to stop the car and thus avoid the accident. In our opinion his failure to see what he could have seen makes him guilty of contributory negligence which bars recovery. In view of the disposition of this question, it will be unnecessary to discuss the other objections raised.

Judgment affirmed, with costs to defendants.

POTTER,. C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.