SLINGERLAND v. SNELL.

1. AUTOMOBILES—BURDEN OF PROOF—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
    In action by administratrix of estate of motorist, fatally injured in an automobile collision at a street intersection, plaintiff who showed defendant was guilty of negligence also has burden of proving her decedent was free from contributory negligence.

2. SAME—RIGHT OF WAY AT INTERSECTIONS NOT ABSOLUTE.
    Right of way of driver of automobile on right at street intersections under 1 Comp. Laws 1929, § 4712, is not an assurance of safety nor an absolute right in all conditions, both drivers being required to use due care, as driver on the right cannot continue to assume that the one on the left will accord him right of way when the circumstances would indicate the contrary to a reasonable person.

3. SAME—DRIVER HELD TO HAVE SEEN WHAT HE SHOULD HAVE SEEN.
   Plaintiff's decedent who drove car into intersection where he
   was hit by defendant's car which approached from decedent's
   left is chargeable with what he could have seen, that is, de-
   fendant's car approaching intersection without showing any
   indication of coming to a stop, hence, barred from recovery by
   his contributory negligence.

BUSHNELL and McALLISTER, JJ., dissenting.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted January 18, 1938. (Docket No. 123, Calendar
No. 39,861.) Decided April 4, 1938.

Case by Ellen Z. Slingerland, administratrix of
the estate of William Slingerland, deceased, against
John Snell for fatal injuries received by plaintiff's
decedent in a collision of automobiles at an intersec-
tion. Judgment for plaintiff. Defendant appeals.
Reversed, without a new trial.

*Hulett & Coash,* for plaintiff.

*Stewart A. Ricard,* for defendant.

SHARPE, J. This case arises out of a collision be-
tween two automobiles at the intersection of Mar-
quette and Stanton avenues in the city of Detroit.
In circuit court before the trial judge, plaintiff had
judgment and defendant appeals.

The collision occurred in the afternoon of Decem-
ber 24, 1936. Marquette avenue runs in an easterly
and westerly direction and intersects Stanton avenue
at right angles. Each street is paved for 26 feet in
width. Neither street is superior to the other, there
being no stop signs at this intersection. On the after-
noon in question, plaintiff's decedent and one Ed-
ward Liphardt were each driving an automobile.
When they reached Marquette avenue, they drove

westerly on this avenue at a speed of about 20 miles per hour for four blocks preceding the intersection where the collision occurred. The deceased maintained a distance of 50 to 60 feet in the rear of the car driven by Edward Liphardt. As they approached the intersection, Edward Liphardt proceeded across safely, but the car that plaintiff's decedent was driving collided with a car driven by defendant proceeding in a northerly direction on Stanton avenue; and as a result of this collision, plaintiff's decedent was injured and died December 27, 1936.

Subsequently, action was brought by the administratrix of the estate of William Slingerland. The cause came on for trial, and, at the close of plaintiff's testimony, the defendant made a motion for judgment of no cause of action which was denied. Later the trial court entered a judgment in favor of plaintiff. The principal question presented is the contributory negligence of plaintiff's decedent. From our examination of the record, we conclude that defendant was guilty of negligence, but plaintiff must also show that he was free from contributory negligence before a judgment may be entered in his favor. See *Faustman* v. *Hewitt,* 274 Mich. 458.

In addition to the facts heretofore noted the record shows that each driver approached the intersection on his proper side of the street and traveling at approximately 20 miles per hour; that the cars collided near the center of the intersection; that the left front end of plaintiff's car sustained greatest damage, while the damage to defendant's car was on its right side; that from measurements taken a person in a car parked 30 feet east of Stanton on Marquette, midway between the center of the street and the north curb, could see a distance of practically 143 feet south of Marquette on Stanton; that at the dis-

tance of 40 feet east of Stanton one could see about 100 feet south of Marquette on Stanton; and at a distance of 50 feet east of Stanton one could see a distance of 80 feet south on Stanton.

Assuming that plaintiff's decedent entered the intersection first, we think he was guilty of contributory negligence which bars recovery. It is apparent that when plaintiff's decedent entered the intersection, the defendant was at, or almost to, the intersection without showing any indication of coming to a stop.

In *Knight* v. *Merignac,* 281 Mich. 684, we said:

"The rule as to one who drives into an intersection without looking and is hit by another car over which he has the right of way was stated in *Kerr* v. *Hayes,* 250 Mich. 19, as follows:

" 'These cases, however, also point out that the statutory right of way* is not an assurance of safety, nor an absolute right in all conditions, but that both drivers must use due care. A driver cannot continue to assume that the one on the left will accord him right of way when the circumstances would indicate the contrary to a reasonable person.' "

In the case at bar we do not know what plaintiff's decedent saw, but he could have seen the defendant approaching from his left and is chargeable with what he could have seen.

In *Zuidema* v. *Bekkering,* 256 Mich. 327, we said:

"It will not do to say that plaintiff's husband looked down the Byron Center road to the left before attempting to cross the pavement and did not see the automobile of defendant approaching. He must be held to have seen what he should have seen, which there was nothing to prevent him from seeing, and if, as contended by plaintiff, he stopped his automobile, looked to the left, and did not see what was plainly to be seen, the approach of defendant's auto-

---

* See 1 Comp. Laws 1929, § 4712.—REPORTER.

mobile, he was guilty of contributory negligence which would bar plaintiff's recovery.''

The judgment is reversed, without a new trial. Defendant may recover costs.

WIEST, C. J., and BUTZEL, POTTER, CHANDLER, and NORTH, JJ., concurred with SHARPE, J.

BUSHNELL, J. (*dissenting*). I cannot concur in Mr. Justice SHARPE's opinion because I believe his conclusions are contrary to our holding in *Thompson v. Michigan Cab Co.*, 279 Mich. 370. In that case the court was unanimous in its approval of the statement in *Railroad Co. v. Stout*, 84 U. S. 657, outlining the respective functions of the judge and jury in determining the question of contributory negligence. The court was also unanimous in its holding that the record presented a statement of facts upon which reasonable men might fairly arrive at different conclusions and that the trial court was not in error in holding that the question of plaintiff's driver's negligence was a matter for the jury.

It is only when but one reasonable conclusion can be reached from the proofs that plaintiff's contributory negligence is a question of law. *Halzle v. Hargreaves*, 233 Mich. 234, 237.

In the instant case the trial judge, sitting without a jury, held that plaintiff's decedent's negligence was a question of fact. We may differ with the conclusions of the trial judge but the record does not present such a clear case of want of ordinary care as to justify the holding, as a matter of law, that decedent was negligent.

The judgment should be affirmed, with costs to appellee.

McALLISTER, J., concurred with BUSHNELL, J.