### GALLAGHER *v.* WALTER.

1. Appeal and Error—Questions Reviewable—Statement of Questions Involved.

   Issue that there was no proof that stop sign at side of road on which plaintiff motorist was traveling had been erected by local authorities as required by statute may not be raised by plaintiff on appeal where not raised in statement of questions involved and the road on which defendant was traveling at time of accident was treated throughout the trial as a through highway (1 Comp. Laws 1929, § 4715).

2. Automobiles—Stop Signs—Through Highways—Statutes.

   When a motorist passes a stop sign as a through highway is approached, it is his duty to stop, the statute regulating the erection of octagonal stop signs being mandatory and the court not inclined to interfere with the intended purpose of such statute and the usefulness of stop signs (1 Comp. Laws 1929, § 4715).

---

For violation of statute as constituting contributory negligence, see 2 Restatement, Torts, §§ 469 and 286.

For rule on doctrine of last clear chance and fact that defendant must have opportunity to avoid the accident, see 2 Restatement, Torts, § 479 (c).

3. SAME—THROUGH HIGHWAYS—STOPPING—DUTY TO OBSERVE.

After a motorist stops on approaching a through highway, it is
his duty to make proper observation for approaching traffic
on such through highway and in making such observation he
is presumed to see the things which a person in the exercise of
ordinary care and caution would see under like circumstances
(1 Comp. Laws 1929, § 4715).

4. SAME—THROUGH HIGHWAYS—STOPPING—FAILURE TO OBSERVE—
CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

If a motorist stops at intersection of stop road with through
highway and could then, by making proper observation, have
seen defendant motorist thereon approaching from right but
failed to make such observation, he would be guilty of con-
tributory negligence as a matter of law and such negligence
would be imputable to an adult passenger in car on stop
road (1 Comp. Laws 1929, § 4715).

5. SAME—INSTRUCTIONS—FAILURE TO MAKE OBSERVATION NEAR IN-
TERSECTION—CONTRIBUTORY NEGLIGENCE.

Instruction wherein it is assumed that, if plaintiff's driver by
making proper observation could have seen defendant's car
without driving on to highway on which latter was approach-
ing and failed to make such observation, the driver was
guilty of contributory negligence barring recovery by plain-
tiff *held*, proper where testimony was in conflict as to whether
view of defendant's car by plaintiff's driver was obscured,
when considered in connection with other instructions given.

6. NEGLIGENCE—SUBSEQUENT NEGLIGENCE.

To apply the theory of subsequent negligence, the plaintiff's
negligence must have come to rest and defendant must have
*discovered such negligence in time and with the ability to*
avoid the accident and have failed to do so.

7. AUTOMOBILES—SUBSEQUENT NEGLIGENCE—EVIDENCE.

In action for injuries arising out of automobile collision at
an intersection of stop road on which plaintiff's car had
been driven and through highway on which defendant's car
had been driven, where drivers of both cars testified the
accident happened so quickly they did not have time to avoid
it, court's refusal to charge jury as to doctrine of subsequent
negligence was correct.

8. COSTS—CONSOLIDATED CASES.

Costs in only one case are allowed upon affirmance of two cases
consolidated for trial and appeal.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 27, 1941. (Docket No. 77, Calendar No. 40,701.) Decided September 2, 1941.

Separate cases by Gertrude Gallagher, individually and as administratrix of the estate of Frank Gallagher, deceased, against Carrie Walter, individually and as executrix of the estate of Earl Walter, deceased, for injuries to plaintiff and fatal injuries to her decedent received in an automobile collision. Cases consolidated for trial. Verdicts and judgments for defendant. Plaintiff appeals. Affirmed.

*Harry J. Lippman* (*Leslie D. Bloom,* of counsel), for plaintiff.

*John L. Estes,* for defendant.

STARR, J. The two cases considered on this appeal involve claims for damages sustained in an automobile accident occurring about 11:30 o'clock in the forenoon on Sunday, July 14, 1935, at 'the intersection of Orchard Lake road, a "through highway," running north and south, and Ten Mile road, running east and west, in Oakland county. Both roads are 20-foot cement paved highways. The day was clear; visibility, clear; and pavement, dry.

Plaintiff's version of the accident is as follows: Her son-in-law, Emil Boudreau, accompanied by his wife, his three-year-old son, plaintiff and her deceased husband, Frank Gallagher, was driving his 1929 Chrysler sedan west on Ten Mile road. As they approached the intersection with Orchard Lake road, they observed a stop sign about 125 feet east of the intersection. Plaintiff's driver, Boudreau, slowed down as he passed the sign, but did not

stop at the intersection. He proceeded into the intersection at reduced speed to a point two or three feet east of the center line of Orchard Lake road where, plaintiff claims, the accident occurred. Plaintiff further claims that as they approached the intersection, Boudreau looked to his left (south) and saw there was no northbound traffic on Orchard Lake road; that his view of the road to his right (north) was obscured by a house, trees in full foliage, and high weeds along the north side of Ten Mile road; that as Boudreau entered the intersection, he observed defendant's car about 40 feet distant, approaching from the north, on the wrong (east) side of Orchard Lake road, at a speed of about 55 miles an hour; that Boudreau immediately stopped east of the center line of Orchard Lake road, and that his car remained motionless in the northbound traffic lane until struck on the right side by defendant's car. The Boudreau car turned over several times and came to rest near the southwest corner of the intersection about 90 feet from the point of collision. Plaintiff's husband, Frank Gallagher, and her daughter, Mrs. Boudreau, were fatally injured, and plaintiff was severely injured.

Defendant presents an entirely different version of the accident. She denies driving on the wrong side of Orchard Lake road, and contends that she was driving south at a moderate rate of speed, on the right-hand (west) side of the road; that as she neared the intersection of Ten-Mile road, she reduced her speed to about five miles an hour; that as she entered the intersection, she saw plaintiff's car approaching from the east at a high rate of speed; that she attempted to turn her car to the west to avoid the accident, but plaintiff's car struck the left front corner of her car which turned over and came to rest near the point of collision.

By stipulation these two cases were tried together, and will be considered together on this appeal.

At the close of plaintiff's proofs, defendant moved for directed verdict on the ground that no negligence had been shown on the part of defendant and that plaintiff's driver was guilty of contributory negligence. Such motion was denied, and at the close of proofs was again made and denied. The cases were submitted to the jury, which apparently agreed with defendant's version of the accident and returned verdicts of no cause of action in favor of defendant. Plaintiff's motion for new trial was denied, and she appeals from judgments for defendant entered in both cases, January 31, 1938, upon the verdicts in favor of defendant.

Under plaintiff's statement of "questions involved" the only errors assigned which require our consideration on this appeal, relate to jury charges.

Plaintiff complains of the following charge by the trial court:

"If the driver of the plaintiff's car, Mr. Boudreau, could have seen defendant's car by making proper observation, without driving on to the northbound traffic lane on Orchard Lake avenue [road?], and he failed to make such observation, then he is guilty of contributory negligence and cannot recover."

Plaintiff contends such charge constituted a directed verdict against her and required the jury to find for defendant.

There is direct conflict in testimony as to whether the view of plaintiff's driver to his right (north) on Orchard Lake road was obscured. Plaintiff and her driver both testified that they were unable to see north on Orchard Lake road until they entered the intersection, and that they disregarded the stop

sign because of this obstruction in view. Defendant testified that the view north was not entirely obstructed and that plaintiff's driver could have seen north on Orchard Lake road. An attorney, Archie Leonard, who lived in the neighborhood, testified that one travelling on Ten Mile road would have clear view north on Orchard Lake road before entering the intersection.

The stop sign on Ten Mile road near the intersection appears from photographs and other evidence to have been the regulation octagon-shaped sign and bore the words, "Stop—Thru—Highway." In her reasons and grounds for appeal, plaintiff assigns error on there being no proof that such stop sign was erected by local authorities as required by statute which we later quote (1 Comp. Laws 1929, § 4715 [Stat. Ann. § 9.1583]). However, plaintiff did not raise this issue in the statement of questions involved. The record indicates that throughout the trial all parties considered Orchard Lake road as a through highway, and we will so consider it on this appeal.

When plaintiff's driver, Boudreau, passed the stop sign and approached Orchard Lake road, a through highway, it was his duty to stop.

"Vehicles must stop at certain through highways. Local authorities with reference to highways under their jurisdiction are hereby authorized to designate main travelled or through highways by erecting at the entrances thereto from intersecting highways signs that shall be octagon in shape notifying drivers of vehicles to come to a full stop before entering or crossing such designated highways, and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto." 1 Comp. Laws 1929, § 4715 (Stat. Ann. § 9.1583).

The above statute requiring plaintiff's driver to stop at Orchard Lake road, a through highway, is mandatory. See *Hilliker* v. *Nelson*, 269 Mich. 359; *Pulford* v. *Mouw*, 279 Mich. 376; *Potter* v. *Felician Sisters Home for Orphans*, 281 Mich. 101; *Leader* v. *Straver*, 278 Mich. 234; *Shoniker* v. *English*, 254 Mich. 76. We are not disposed to interfere with the intended purpose of such statute and the usefulness of stop signs.

Plaintiff's counsel rely on the case of *Henry* v. *Sanderson*, 260 Mich. 563, as authority for their contention that plaintiff's driver was not obliged to stop at Orchard Lake road, a through highway, before entering the intersection. In such case the road on which the accident occurred was a "State trunk line highway," and not a "through highway." Vehicles approaching a State trunk line highway were not required to stop unless a vehicle on the trunk line was approaching the intersection. Section 4713, 1 Comp. Laws 1929 (Stat. Ann. § 9.1581), then in effect (since amended by Act No. 318, Pub. Acts 1939), provided in part as follows:

"(e). All vehicles approaching the intersection of a State trunk line highway   *   *   *   shall come to a full stop whenever a vehicle is approaching the intersecting highway and shall reduce speed to a maximum of 10 miles per hour at all other times before entering or crossing such highway."

Such decision has no application to the present case, in which a "through highway" is involved.

The case of *Bunker* v. *Reid*, 255 Mich. 536, cited by plaintiff, has no application here, because in that case the plaintiff driver "came to a full stop at the intersection."

It was not only the duty of plaintiff's driver to stop at Orchard Lake road, but it was also his duty,

after stopping, to make proper observation for approaching traffic on such through highway. In making such observation plaintiff's driver would be presumed to see the things which a person in the exercise of ordinary care and caution would see under like circumstances. *Zuidema* v. *Bekkering,* 256 Mich. 327; *Buwalda* v. *County of Ottawa,* 270 Mich. 477.

In *Cramer* v. *Brictson,* 286 Mich. 224, 227, 228, we said:

"In view of the fact that plaintiff did not see the approaching car until an instant before the collision, the evidence is persuasive that he did not look down the highway in the direction of the approaching car before attempting to cross the intersection. A party is bound to look and see what he should have seen if it was plainly visible. *　*　*

"Plaintiff either did not look, or did not see the defendant who certainly was plainly within his vision, and therefore failed to sustain the proof necessary to enable the trial court to submit the question of his due care to the jury."

The trial court's instruction to the jury complained of assumes that plaintiff's view to his right (north) was not obstructed and that he could have seen defendant's car. If plaintiff's driver had stopped at the intersection as ordered by the stop sign and if he could then, by making proper observation, have seen defendant's car approaching from the north, but failed to make such observation, he would be guilty of contributory negligence as a matter of law; and such negligence would be imputable to plaintiff. *Wallis* v. *Cox,* 286 Mich. 76.

We conclude that the instruction of the trial court, when considered in connection with other instructions given, was proper.

Plaintiff also assigns error upon the trial court's refusal to charge the jury upon the subject of subsequent negligence. Plaintiff requested charge to the effect that:

"Assuming plaintiff's driver negligent in placing the vehicle in a position of danger, nevertheless if that negligence had come to rest and plaintiff's position was or should have been apparent to defendant for a period long enough to have permitted defendant to avoid the collision by the use of ordinary care, plaintiff may recover notwithstanding the earlier negligence of her driver."

To apply the theory of subsequent negligence, the plaintiff's negligence must have come to rest and defendant must have discovered such negligence in time and with the ability to avoid the accident and have failed to do so. *Wells* v. *Oliver,* 283 Mich. 168; *Szost* v. *Dykman,* 252 Mich. 151; *Cline* v. *Killingbeck,* 288 Mich. 126.

Both drivers testified in substance that the accident occurred so quickly that they could not avoid it. Plaintiff's driver testified:

"I testified that Mrs. Walter was coming south down on the left side of Orchard Lake road, and that immediately before she got to me she turned right and hit my car trying to avoid hitting me without a doubt. She was apparently doing everything she could to avoid the accident."

The defendant, Mrs. Walter, testified:

"It was so quickly, all I had time to do was just to turn and the crash came. It was coming at such a rapid speed I didn't have time to stop."

In *Wells* v. *Oliver, supra,* we said:

"That doctrine [subsequent negligence] requires confession of negligence on the part of a plaintiff

and discovery thereof by a defendant in time and with ability to avoid injury and failure to do so.''

In view of the foregoing testimony of both drivers and from an examination of the entire record, we conclude that the doctrine of subsequent negligence should not be applied in these cases and that the trial court was correct in refusing to charge the jury on such subject.

We find no ground for reversal as to other errors assigned by plaintiff.

The judgments for defendant in both cases are affirmed, with costs to defendant in only one case.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.