## HECKLER *v.* LAING.

1. AUTOMOBILES—THROUGH HIGHWAYS—DUTY TO STOP.

   A motorist who approaches a through highway at which a stop sign is located has a duty to stop imposed by statute and the court is not disposed to interfere with the intended purpose of such statute and the usefulness of stop signs (1 Comp. Laws 1929, § 4715).

2. SAME—THROUGH HIGHWAYS—STATUTES—DUTY TO STOP—DUTY TO MAKE OBSERVATION.

   It is the duty of a motorist on an intersecting highway to make proper observation of traffic on through highway whether or not he stops before entering the through highway as required by statute and if he fails to make proper observation before entering the intersection he would be guilty of contributory negligence as a matter of law (1 Comp. Laws 1929, § 4715).

3. SAME—THROUGH HIGHWAYS—DUTY OF OBSERVATION.

   In making observation on an intersecting highway upon approach to through highway, a motorist is presumed to see the things which a person in the exercise of ordinary care and caution would see under like circumstances.

4. SAME—THROUGH HIGHWAYS—DUTY OF OBSERVATION—CONTRIBUTORY NEGLIGENCE.

   Plaintiff's decedent, a motorist who approached through highway on an intersecting road, and who had an unobstructed view to his left from which direction defendant's negligently-operated car approached, was guilty of contributory negligence as a matter of law in proceeding onto through highway where he either saw or is presumed to have seen defendant's car approaching the intersection and by the exercise of due care and caution could have avoided the accident.

5. EVIDENCE—PRESUMPTIONS.

   Presumptions disappear when the facts appear and cannot be weighed against evidence, no matter how contradictory the evidence may be; and facts appear when evidence is introduced from which they may be found.

6. SAME—CONTRIBUTORY NEGLIGENCE—PRESUMPTION OF DUE CARE.
   The presumption that a decedent was free from contributory
   negligence can be said to apply only in cases where there is
   an absence of any direct evidence to the contrary, the question
   then being, Was there evidence before the trial court which
   could be said to overcome the presumption relied upon?

7. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—
   INTERSECTIONS—OBSERVATION.
   Under evidence showing that decedent motorist either (1) did
   not make proper observation before entering through high-
   way from intersecting road; or (2) made observation but
   failed to see defendant's car which was approaching the
   intersection and plainly visible; or (3) that he made observa-
   tion and saw defendant's car approaching and negligently
   took his chances and drove into the intersection in the face
   of known danger, decedent was guilty of contributory negli-
   gence as a matter of law and recovery by administratrix of
   his estate would be barred.

Appeal from Dickinson; Bell (Frank A.), J. Sub-
mitted October 16, 1941. (Docket No. 77, Calendar
No. 41,731.) Decided January 5, 1942. Rehearing
denied February 11, 1942.

Case by Mildred Heckler, administratrix of the
estate of Wayne Heckler, deceased, against Victor
Laing for fatal injuries received by plaintiff's de-
cedent in an automobile collision. Verdict and judg-
ment for plaintiff. Defendant appeals. Reversed
without a new trial.

*Ray Derham,* for plaintiff.

*Ray E. MacAllister,* for defendant.

STARR, J. Plaintiff's husband, Wayne Heckler,
was fatally injured in an automobile collision occur-
ring about 3 o'clock in the afternoon on November 8,
1939. The collision occurred at the intersection of
highway US-2, a 20-foot cement paved *through high-*

*way,* running in a northerly and southerly direction, and Trader's Mine road (herein referred to as the "Mine road"), a graveled road, running easterly and westerly and being the northern city limits of Iron Mountain in Dickinson county. It was a clear day; the roads were dry; and both drivers were familiar with the intersection.

A "Stop—Thru Highway" sign was located on the north side of Mine road about 27 feet east of the intersection. A "speed limit 25 miles per hr." sign, authorized by the city council of Iron Mountain, was located on the west side of US-2, near the south side of Mine road.

Plaintiff's decedent, an automobile mechanic, driving alone in a Ford coach, was proceeding westerly on Mine road and approaching the intersection. Defendant Laing, accompanied by Dr. Libby, was driving his Chevrolet coupe northerly on US-2, approaching the intersection. The cars collided at the intersection resulting in injuries to plaintiff's decedent, from which he died that evening. Defendant's passenger was also fatally injured.

An engineer, who prepared the sketch of the intersection introduced in evidence, being called as a witness by plaintiff, testified that one driving westerly on Mine road, approaching the intersection, could see south (to his left) on US-2 "probably about 500 or 600 feet;" that one driving northerly on US-2 could see east (to his right) on the Mine road; and that "both motorists should be able to see each other."

Plaintiff, as administratrix of her deceased husband's estate, began suit against defendant for damages resulting from such accident. The case was tried before a jury.

Plaintiff presented testimony that defendant was driving northerly on the left (wrong) side of US-2 at an excessive speed of 60 to 65 miles an hour; that plaintiff's decedent, driving westerly on Mine road, was proceeding across the intersection, and that the collision occurred on the left-hand (west) side of US-2. One witness for plaintiff testified that prior to the accident he had seen plaintiff's decedent sitting in his car which was stopped east of the stop sign on Mine Road. However, two witnesses for defendant testified, in substance, that plaintiff's decedent approached the intersection at a speed of 30 to 35 miles an hour and drove into the intersection without stopping. Other witnesses for plaintiff testified, in effect, that the two above-mentioned witnesses for defendant were not even present at the scene of the accident.

Defendant denied driving at an excessive rate of speed and on the wrong side of the road. He testified that he was driving on the right-hand side at a speed of 30 to 35 miles an hour, and that the collision occurred on the right side of the road.

Defendant's negligence was clearly established by his own testimony:

"*Q*. Now what was the first thing that you observed, if anything, just immediately prior to the time the collision took place?

"*A*. The radiator of the other car crashing into the door, the right-hand door of my car. * * *

"*Q*. What, if anything, did you do just immediately prior to the time the collision actually took place, if you did anything?

"*A*. I don't believe I did anything, except I was driving along the road. * * *

"*Q*. You knew where the Trader's Mine was?

"*A*. Yes, sir.

"*Q.* And you knew that intersection was there?

"*A.* Yes. * * *

"To the best of my recollection, I never saw this Heckler car until the radiator struck my car. * * *

"*Q.* Now, although you were driving along there on a clear day, you never saw this car that was on the Trader's Mine road until the collision occurred, did you?

"*A.* Not that I can recall.

"*Q.* What were you looking at?

"*A.* I was watching the road ahead of me.

"*Q.* You knew you were coming to the intersection?

"*A.* This intersection wasn't marked.

"*Q.* You knew you were coming to the intersection. You told us a while ago you knew the intersection was there.

"*A.* I knew there was an intersection there, but I had never seen a car coming out of there. * * *

"*Q.* Anyway you were driving along there on this clear day with a view of 100 feet at least to the right and never saw that car, that is true, isn't it?

"*A.* I had the right of way. * * *

"*Q.* Just because you had the right of way do you feel that you have a right to disregard all cars on cross roads?

"*A.* No, not necessarily so.

"*Q.* Why didn't you look and see if there was a car coming on that cross road?

"*A.* There was no stop sign to say to stop to look for a car coming.

"*Q.* You know people sometimes come out of these roads. Do you feel you have a right to run over them just because there is a stop sign there?

"*A.* If this car had stopped at that crossing he would have seen me. * * *

"*Q.* The fact remains, although it was a clear day and you had a wonderful view there, you never

saw this car until the minute of the impact, did you?

"*A.* No.

"*Q.* You didn't apply your brakes, did you?

"*A.* Not that I recall.

"*Q.* You didn't turn either to the right or left to avoid the collision, did you?

"*A.* Not that I recall.    *    *    *

"*Q.* The question is did you make any effort to avoid the collision. Yes or no.

"*A.* No."

At the conclusion of plaintiff's proofs defendant's motion for directed verdict, on the ground of contributory negligence as a matter of law, was denied. Such motion was renewed at the conclusion of all proofs, and was again denied. In his instructions to the jury, the court stated, in part:

"So you see, taking either theory of this case, Mr. Laing, the defendant here, was guilty of negligence, legal negligence. But that does not dispose of this case for you. You may go to your jury room taking that as an established fact, but then you pass on to the question of whether or not the plaintiff's husband, the deceased, was guilty of any contributory negligence."

The jury returned verdict of $9,298.85 for plaintiff, and judgment was entered thereon. Defendant moved for new trial, on the grounds that the verdict was contrary to law, to the great weight of the evidence, and to the physical facts; that the court erred in denying defendant's motion for directed verdict; and that the court erred in instructions given and in refusing to give instructions requested. Such motion was denied, and defendant appeals.

No question as to defendant's negligence is raised in the statement of questions involved. We will,

therefore, consider only the question of whether or not plaintiff was guilty of contributory negligence as a matter of law.

As plaintiff's decedent approached through highway US-2, at which a "stop" sign was located, it was his duty to stop. 1 Comp. Laws 1929, § 4715 (Stat. Ann. § 9.1583). We said in *Gallagher* v. *Walter,* 299 Mich. 69, 75:

"The above statute requiring plaintiff's driver to stop at Orchard Lake road, a through highway, is mandatory. See *Hilliker* v. *Nelson,* 269 Mich. 359; *Pulford* v. *Mouw,* 279 Mich. 376; *Potter* v. *Felician Sisters Home for Orphans,* 281 Mich. 101; *Leader* v. *Straver,* 278 Mich. 234; *Shoniker* v. *English,* 254 Mich. 76. We are not disposed to interfere with the intended purpose of such statute and the usefulness of stop signs."

It was not only the duty of plaintiff's decedent to stop at US-2, but it was also his duty, after stopping, to make proper observation for approaching traffic. If he did not stop or, having stopped, failed to make proper observation before entering the intersection, he was guilty of contributory negligence as a matter of law. *Gallagher* v. *Walter, supra; Zuidema* v. *Bekkering,* 256 Mich. 327; *Buwalda* v. *County of Ottawa,* 270 Mich. 477.

Plaintiff's decedent, in making the required observation on US-2, is presumed to have seen what a person in the exercise of ordinary care and caution would see; that is, what was plainly visible.

"In making such observation plaintiff's driver would be presumed to see the things which a person in the exercise of ordinary care and caution would see under like circumstances." *Gallagher* v. *Walter, supra,* p. 76.

In *Slingerland* v. *Snell,* 283 Mich. 524, 527, Mr. Justice SHARPE stated:

"In the case at bar we do not know what plaintiff's decedent saw, but he could have seen the defendant approaching from his left and is chargeable with what he could have seen."

See, also, *Zuidema* v. *Bekkering, supra; Knight* v. *Merignac,* 281 Mich. 684.

The view of plaintiff's decedent to his left (south) being unobstructed, he either saw, or is legally presumed to have seen, defendant's car approaching from the south.

There is no testimony as to what observations, if any, plaintiff's decedent made before driving into the intersection. Plaintiff's counsel, in effect, contends that in the absence of such testimony it is presumed that plaintiff's decedent made proper observations. Any such presumption is overcome by the evidence that he had a clear and unobstructed view, to his left, of US-2. He either saw or is presumed to have seen defendant's car approaching and by the exercise of due care and caution could have avoided the accident. In the .case of *Patt* v. *Dilley,* 273 Mich. 601, 606, Mr. Justice WIEST said:

"Presumptions disappear when the facts appear. The facts appear when the evidence is introduced from which the facts may be found. Presumptions cannot be weighed against evidence for they fade out in the light of evidence, no matter how contradictory the evidence."

"We are of the opinion that it is clear that it is the rule in this State that the presumption that a plaintiff is free from contributory negligence can be said to apply only in cases where there is an absence of any direct evidence to the contrary. The question then is, Was there evidence before the trial

judge which could be said to overcome the presumption relied upon?" *Baker* v. *Delano,* 191 Mich. 204, 209.

See, also, *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410; *Rousseau* v. *Brotherhood of American Yeomen,* 186 Mich. 101; *Union Trust Co.* v. *American Commercial Car Co.,* 219 Mich. 557; *Maki* v. *William Bonifas Lumber Co.,* 278 Mich. 610; *Christiansen* v. *Hilber,* 282 Mich. 403.

Our decision in *Zuidema* v. *Bekkering, supra,* is directly applicable to the present case on the question of contributory negligence. In that case we said, pp. 330, 331:

"Plaintiff's husband, the driver of the automobile on the Fisher road, when he reached a point thereon near the pavement on the Byron Center road, had an unobstructed view to the left down the Byron Center road, for a distance of 500 feet and a practically clear view for approximately 1,100 feet. If plaintiff's husband looked down the highway to the left and saw defendant's automobile approaching and drove on to the pavement in front of defendant's automobile with knowledge of its approach, he was guilty of contributory negligence. If plaintiff's husband, though he may have stopped his automobile near the intersection and before attempting to cross the pavement, did not look to the left, but drove onto the pavement without looking and by reason thereof was struck by the defendant's automobile, he was guilty of contributory negligence. It will not do to say that plaintiff's husband looked down the Byron Center road to the left before attempting to cross the pavement and did not see the automobile of defendant approaching. He must be held to have seen what he should have seen, which there was nothing to prevent him from seeing, and if, as contended by plaintiff, he stopped his automobile, looked to the left, and did not see what

was plainly to be seen, the approach of defendant's automobile, he was guilty of contributory negligence which would bar plaintiff's recovery."

In *Kok* v. *Lattin,* 261 Mich. 362, 363, 364, we said:

"For half a mile back both drivers had a clear and unobstructed view of the intersection. Had the defendant looked he could have seen the plaintiff before and when he entered the intersection. Had the plaintiff looked he would have seen the defendant in time to have avoided the collision. He testified that he did look and saw no car approaching. His testimony in this respect is contrary to the physical facts. As his view was unobstructed and the defendant's car was there in plain sight, it must be held that he did not look. If he had looked, he would have seen what was there to be seen. The two cars reached the intersection at about the same time. If either had looked, he could have avoided the accident. Failure to look was negligence. The undisputed material facts left no question for the jury. The trial court correctly ruled that, as a matter of law, there could be no recovery."

In the case of *Hubbard* v. *Canavara,* 295 Mich. 499, plaintiff's driver approached through highway US-2 to a point where he had a view of such highway for about 200 feet. Defendant's car, with headlights burning, was approaching on the through highway from the west. Plaintiff's driver proceeded into the intersection where the collision occurred. In affirming judgment for defendant *non obstante veredicto,* we said, p. 502:

"While he [plaintiff's driver] testified that as he approached the east and west pavement [US-2] he made observations both to the right and to his left, still the physical facts disclosed by this record are such that no other conclusion can be reached than that defendant's car on its right side of the high-

way with the lights burning was approaching rapidly within Mr. Hubbard's [plaintiff's driver's] view before he entered upon the traveled portion of the east and west highway and while he was at a point where he could have stopped his car in a place of safety. This he did not do, and the accident resulted. * * * Regardless of the question as to whether or not the driver of defendants' car was guilty of negligence, it must be held as a matter of law under the facts in this case that plaintiff's driver was guilty of contributory negligence, and it follows that she cannot recover.''

Under the testimony presented in the instant case, the inevitable and only reasonable conclusions that can be reached are: (1) That plaintiff's decedent did not make proper observation before entering the intersection; or (2) that he made observation, but failed to see defendant's car, which was plainly visible, approaching the intersection; or (3) that he made observation and saw defendant's car approaching, and then negligently took his chances and drove into the intersection in the face of known danger.

Under any of such conclusions, viewing the testimony in the light most favorable to plaintiff, her decedent was guilty of contributory negligence as a matter of law. Defendant's motion for directed verdict should have been granted.

In view of our determination, other questions presented do not require consideration.

The judgment is set aside without a new trial, with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.