*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
January 18, 2024

v

JAMES ELLIS, JR.,

        Defendant-Appellant.

No. 363845
Berrien Circuit Court
LC No. 2021-016148-FH

Before: REDFORD, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

In 2022, defendant pleaded guilty to attempted unarmed robbery, MCL 750.530. The trial court sentenced defendant to serve 12 to 60 months in prison and ordered that defendant register as a Tier III sex offender under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*— pursuant to the recapture provision of MCL 28.723(1)(e)—on the basis of defendant's 1983 sex-offense conviction in Illinois. Defendant appeals by leave granted,[1] arguing that defendant's lifetime registration under SORA: (1) violates the plain language of the statute because defendant does not reside in Michigan; (2) is unconstitutional ex post facto punishment; and (3) constitutes cruel or unusual punishment under the Michigan Constitution. We affirm.

Generally, to preserve an issue for appellant review, a defendant must raise the issue in the trial court. *People v Heft*, 299 Mich 69, 78; 829 NW2d 266 (2012). In this case, defendant moved to correct an "invalid sentence"—in his motion, defendant "object[ed] to lifetime registration under [SORA] as violating the plain language of the statute, as ex post facto punishment, and as cruel or unusual punishment in violation of the Michigan Constitution." Therefore, defendant has preserved all three issues on appeal. See *id.*

---

[1] *People v James Ellis, Jr*, unpublished order of the Court of Appeals, entered January 3, 2023 (Docket No. 363845).

Constitutional questions are reviewed de novo. *People v McCuller*, 479 Mich 672, 681; 739 NW2d 563 (2007). "Questions of constitutional and statutory interpretation present questions of law reviewed de novo." *People v Hall*, 499 Mich 446, 452; 884 NW2d 561 (2016).

First, defendant argues that his lifetime registration under SORA violates the plain language of the statute because he does not reside in Michigan.

When "the language of the statute is unambiguous, the plain meaning reflects the Legislature's intent and this Court applies the statute as written." *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). "When construing a statute, the court must presume that every word has some meaning and should avoid any construction that would render any part of the statute surplusage or nugatory. If possible, effect should be given to each provision." *Id*. at 285 (citation omitted).

In this case, the trial court found that SORA's recapture provision—MCL 28.723(1)(e)—applied to defendant; therefore, defendant was ordered to register as a Tier III sex offender. Specifically, defendant's judgment of sentence states that defendant "must register under SORA tier III."

In 2011, SORA was amended pursuant to MCL 28.723, and in 2021, SORA was again amended pursuant to MCL 28.722. MCL 28.723 provides in relevant part, as follows:

> (1) . . . [T]he following individuals who are domiciled or temporarily reside in this state or who work with or without compensation or are students in this state are required to be registered under this act:
>
> * * *
>
> (e) An individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011.

A "listed offense" is "a tier I, tier II, or tier III offense." MCL 28.722(i).

Defendant does not dispute that his 1983 sex-offense conviction fits within the definition of a Tier III offense. Nor can he dispute that he has been convicted of another felony (attempted unarmed robbery) after July 1, 2011. See MCL 750.530. Therefore, the language in Subdivision (e) of MCL 28.723 clearly applies. However, defendant contends that the threshold language of Subsection (1) of MCL 28.723 does not apply because he does not reside in Michigan.

At defendant's arraignment, defense counsel explained that defendant had been living in South Bend, Indiana, for 15 years. In his motion to correct an invalid sentence, defendant further clarified that he "is not, nor was he upon the commission of the crime, temporarily residing in Michigan." Because defendant is not domiciled or temporarily residing in Michigan, the recapture provision—MCL 28.723(1)(e)—does not immediately apply to defendant. However, if defendant domiciles or temporarily resides in Michigan in the future, defendant will need to register pursuant to his judgment of sentence. See MCL 28.723(1).

We note that MCL 28.723(3) applies to nonresidents and provides as follows:

> A nonresident who is convicted in this state on or after July 1, 2011 of committing a listed offense who is not otherwise described in subsection (1) shall nevertheless register under this act. However, the continued reporting requirements of this act do not apply to the individual while he or she remains a nonresident and is not otherwise required to report under this act. The individual shall have his or her photograph taken under section 5a.

However, MCL 28.723(3) does not apply to defendant because there is no evidence that he has committed a listed offense since July 1, 2011.

Defendant further argues that his lifetime registration under SORA is unconstitutional ex post facto punishment. We disagree.

In *People v Klinesmith*, 342 Mich App 39; 993 NW2d 21 (2022), lv app held in abeyance ___ Mich ___; 986 NW2d 597 (2023),[2] this Court directly addressed whether SORA registration under MCL 28.723(1)(e) violates the prohibition against ex post facto punishment. In *Klinesmith*, this Court concluded that the conviction that subjected the defendant to registration under SORA was an operating while intoxicated (OWI) conviction in 2017, not his prior 1983 conviction for attempted criminal sexual conduct; therefore, SORA registration did not violate the ex post facto clauses of the state or federal constitutions. *Id*. at 44.

*Klinesmith* relied on the language used in *People v Betts*, 507 Mich 527, 521; 968 NW2d 497 (2021), in which the Michigan Supreme Court reasoned and concluded as follows:

> Having determined that severability and revival are inappropriate tools to remedy the constitutional violation in this case, we are constrained to hold that the 2011 SORA may not be retroactively applied to registrants whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments.

> * * *

> We hold that the 2011 SORA, when applied to registrants whose criminal acts predated the enactment of the 2011 SORA amendments, violates the constitutional prohibition on ex post facto laws. As applied to [the defendant], because the crime subjecting him to registration [second-degree criminal sexual conduct] occurred in 1993, we order that his instant conviction of failure to register as a sex offender be vacated. [*Id*.]

---

[2] *Klinesmith* is being held in abeyance pending a decision in *People v Lymon,* 342 Mich App 46, 61-62, 81; 993 NW2d 24 (2022), lv gtd 511 Mich 860; 983 NW2d 82 (2023).

Subsequently, in *Klinesmith*, 342 Mich App at 43-45, this Court concluded as follows:

> In light of [the language used in *Betts*], we must reject defendant's suggestion in his supplemental brief that in *Betts* the "entire 2011 SORA amendatory Act was overturned . . . ." Rather, the holding in *Betts* is much narrower, providing only that the act cannot be applied retroactively to those individuals "whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments."

> This leads us to the question of which criminal act subjected defendant to the registration requirement: his 1983 criminal-sexual-conduct conviction or his 2017 conviction of OWI, third offense.

> \* \* \*

> While the decision in *Betts* may have affected other portions of the *Tucker*[3] decision and those portions are no longer valid, we find nothing in *Betts* that disturbs the conclusion in *Tucker* that the recapture provision of SORA attached legal consequences to defendant's subsequent conviction, not to his original conviction. Accordingly, defendant in this case was subject to the recapture provision on the basis of his 2017 offenses. Simply put, had defendant not committed a new felony, he would remain free from the requirements of SORA.

> For these reasons, we conclude, as did the trial court, that defendant remains subject to compliance with SORA.

In this case, similar to the defendant in *Klinesmith*, the recapture provision of SORA attached legal consequences to defendant's 2022—attempted unarmed robbery—conviction, not his original 1983 sex-offense conviction, and "had defendant not committed a new felony, he would remain free from the requirements of SORA." *Id*. at 44. Because we are constrained by *Klinesmith*, *Supra*, we find no ex post facto punishment here.

Defendant further argues that lifetime registration under SORA constitutes cruel or unusual punishment under the Michigan Constitution. We disagree.

The Michigan Constitution prohibits cruel or unusual punishment; whereas, the United States Constitution prohibits cruel and unusual punishment. *People v Lymon*, 342 Mich App 46, 61-62, 81; 993 NW2d 24 (2022) lv gtd 511 Mich 860; 983 NW2d 82 (2023)[4]. Therefore, "[i]f a

---

[3] *People v Tucker*, 312 Mich App 645; 879 NW2d 906 (2015).

[4] The parties shall address whether requiring a defendant to register as a sex offender under the Sex Offenders Registration Act (SORA), MCL 28.721 et seq., as amended by 2020 PA 295, effective March 24, 2021 (the 2021 SORA), for a non-sexual crime, such as unlawful imprisonment of a minor, constitutes cruel or unusual punishment under Const. 1963, art. 1, § 16 or cruel and unusual punishment under U.S. Const., Am. VIII.

punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011) (quotation marks and citation omitted). This Court has stated as follows:

> To determine whether a punishment is cruel or unusual, courts assess whether it is "unjustifiably disproportionate" to the offense committed by considering four factors: (1) the harshness of the penalty compared to the gravity of the offense, (2) the penalty imposed for the offense compared to penalties imposed for other offenses in Michigan, (3) the penalty imposed for the offense in Michigan compared to the penalty imposed for the same offense in other states, and (4) whether the penalty imposed advances the goal of rehabilitation. [*Lymon*, 342 Mich App at 44 (citation omitted).]

In *Lymon*, this Court addressed whether registration under SORA is cruel or unusual punishment for a crime that lacks a sexual component and is not sexual in nature—the defendant in *Lymon* was convicted of two "heinous—but not sexual" counts of unlawful imprisonment of a minor that occurred in 2014. *Id*. This Court concluded that requiring the defendant to register under SORA was "cruel or unusual punishment because it [was] unjustifiably disproportionate to the offense committed." *Id*. at 88-89. This Court reasoned as follows:

> [T]here is nothing to suggest that the danger [the defendant] poses to the public is related to a sexual offense, nor is there anything to suggest that he will commit a sexual offense in the future. He is not a sexual predator. And, to the extent that he needs rehabilitation, labeling him as a sex offender does not serve any rehabilitation goals related to his actual offense. [*Id*. at 88.]

In this case, defendant notes that although he believes that *Klinesmith* was wrongfully decided, *Klinesmith* determined that the recapture provision of SORA attached legal consequences to defendant's nonsexual subsequent conviction of attempted unarmed robbery, not his original 1983 sex-offense conviction. See *Klinesmith*, 342 Mich App at 44-45. Therefore, defendant argues that for the reasons outlined in *Lymon*, it is cruel or unusual punishment to require defendant to register on the basis of his nonsexual offense. Defendant's argument lacks merit. In *Lymon*, 342 Mich App at 88, this Court reasoned that the defendant was not a sexual predator, and that there was nothing to suggest that the defendant would commit a sexual offense in the future. However, the facts in this case are different from *Lymon* because defendant was convicted of a sexual offense in 1983. Therefore, there are facts to suggest that defendant may commit a sexual offense in the future.

Nevertheless, in *Lymon*, this Court determined that "requiring an individual to comply with the 2021 SORA imposes a criminal punishment on a registrant." *Id*. at 81. Therefore, we will examine the four prongs used to assess whether requiring defendant to register under SORA is cruel or unusual punishment.

Regarding the harshness of mandatory lifetime registration compared to the gravity of the offense—the trial court stated that defendant was convicted of first-degree criminal sexual conduct

(CSC-I) for "an attempt to penetrate with a weapon being involved . . . . It could also be, I would suggest, an assault with intent to commit sexual penetration." As a Tier III offender, defendant must register under SORA for the rest of his life. See MCL 28.725(13). Defendant argues that "[a]ny validated risk assessment would likely score [him] at a very low risk of reoffending sexually, given his age and the near 40 years that have passed since his Illinois sex offense, with no other sex offenses committed in those decades." However, registration was statutorily mandated for defendant; it was not a discretionary provision under the sentencing guidelines. "Legislatively mandated sentences are presumptively proportional and presumptively valid, and a proportionate sentence is not cruel or unusual." *People v Jarrell*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356070); slip op at 11 (quotation marks and citation omitted). Therefore, although a lifetime registration requirement may be harsh, it is not unduly harsh considering the gravity of defendant's crime compared with the severity of the statutory punishment for this offense.

Regarding the penalty imposed for the offense compared to penalties imposed for other offenses in Michigan, in *Jarrell*, this Court determined that the defendant's "mandatory lifetime sex offender registration [was] not unduly harsh as compared to penalties imposed for other offenses in Michigan." *Id*. The *Jarrell* Court reasoned as follows: "Mandatory punishment provisions are not uncommon, particularly for CSC-I convictions. For instance, depending on the age of the offender and victim, a CSC-I conviction may involve a mandatory 25-year minimum sentence or a mandatory life sentence." *Id*. (citations omitted). Therefore, mandatory lifetime registration is not disproportionately harsh compared to other penalties imposed in Michigan.

Regarding the penalty imposed for the offense in Michigan compared to the penalty imposed for the same offense in other states, in *Jarrell*, this Court stated as follows:

> [M]andatory lifetime sex offender registration is not unique to Michigan. Many states have a tiered system for sex offender registration, with lifetime registration reserved for the most heinous perpetrators of sexual assault.[7]

---

[7] See Collateral Consequences Resource Center, *50-State Comparison: Relief from Sex Offense Registration Obligations*, available at <https://ccresourcecenter.org /state-restoration-profiles/50-state-comparison-relief-from-sex-offender registration-obligations/> (accessed November 10, 2022) (comparing sex offense registration requirements across the states). [*Id*.]

---

Regarding whether mandatory lifetime registration advances the goal of rehabilitation, the Michigan Supreme Court concluded that there is a "growing body of research" that supports the argument that "sex-offender registries have dubious efficacy in achieving their professed goals of decreasing recidivism." *Betts*, 507 Mich at 560-562. Even though lifetime registration under SORA may not advance the goal of rehabilitation, the three other factors strongly support that the punishment is neither cruel nor unusual as applied to defendant's CSC-I conviction. See, e.g.,

*Jarrell*, ___ Mich App at ___; slip op at 11. Therefore, mandatory lifetime registration under SORA is not cruel or unusual punishment as applied to defendant.

Affirmed.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney